**IVES v. CULTON. (No. 162–3155.)**

(Commission of Appeals of Texas, Section B. March 30, 1921.)

1. **Judgment ⟨key⟩779(2)—Holder of unrecorded deed has burden of showing creditor's knowledge when abstract was recorded.**

The holder of an unrecorded deed to land sold under execution, when sued in trespass to try title, had the burden of showing that the judgment creditor had notice of the deed at the time the abstract of his judgment was recorded.

2. **Attorney and client ⟨key⟩104 — Attorney's knowledge, acquired prior to employment, not imputed to client.**

Knowledge acquired by an attorney prior to his employment by a client could not be imputed to the client.

3. **Attorney and client ⟨key⟩176 — Contract held to amount to equitable assignment of interest in cause of action and judgment.**

A contract, employing an attorney to bring suit on a promissory note for the attorney's fees provided for in the note, the client to receive the full amount of principal and interest before the attorney should receive any of the proceeds as fees, amounted to an equitable assignment of an interest in the cause of action and judgment to the attorney.

4. **Judgment ⟨key⟩779(2)—Knowledge of attorney having interest in judgment of unrecorded deed to land sold held not to affect client's interest.**

Though a contract employing an attorney to sue on notes for the attorney's fees stipulated therein amounted to an equitable assignment of an interest in the judgment to the attorney, such interest was severable from that of the client, and the client's interest was not affected by the attorney's previously and independently acquired knowledge of an unrecorded deed to land sold in satisfaction of the judgment.

5. **Judgment ⟨key⟩850—One as to whose interest lien was invalid held to acquire lien by purchase of other interest.**

Where the lien of a judgment was valid to the extent of the balance owned by the judgment creditor, though the equitable assignee of the other interest had knowledge of an unrecorded deed, by his purchase of the judgment, such assignee acquired such balance and the lien as it existed in the hands of the judgment creditor.

6. **Execution ⟨key⟩99—Alias execution not invalid because for full amount of judgment, though only valid lien as to part.**

Where a judgment was a valid lien to the extent of the portion not assigned by the judgment creditor, an alias execution for the sale of land was not invalid because for the full amount of the judgment.

7. **Contracts ⟨key⟩130 — Agreement chilling sale on foreclosure of lien held fraudulent.**

On foreclosure of a vendor's lien, an agreement by the vendor's attorney that if one jointly liable on the judgment would refrain from bidding the vendor would release him from further liability was a fraud in law, as preventing or chilling the bidding.

8. **Vendor and purchaser ⟨key⟩287, 291 — Foreclosure sale and sale for deficiency valid until set aside for chilling of bidding.**

A sale on foreclosure of a vendor's lien was not absolutely void, but merely voidable, because of an agreement chilling the bidding, and was subject to recognition by the parties as valid, and, so long as it so stood, a sale of other land under an alias execution for a deficiency was valid as between the parties, and could not be attacked collaterally.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by D. H. Culton against Edgar A. Ives. A judgment for plaintiff was affirmed by the Court of Civil Appeals (197 S. W. 619), and defendant brings error. Affirmed.

Kimbrough, Underwood & Jackson, of Amarillo, for plaintiff in error.

Culton & Taylor, of Tulia, for defendant in error.

McCLENDON, P. J. This was an action in trespass to try title by D. H. Culton against Edgar A. Ives, to recover a half

section of land in Swisher county. Defendant pleaded not guilty. A judgment of the trial court in favor of plaintiff was affirmed by the Court of Civil Appeals by a divided court. 197 S. W. 619.

The facts in the case are not disputed, and in so far as material to a decision are as follows:

The half section in controversy was the property of J. D. Raitt, who conveyed it to Ives in September, 1915; but the deed was not recorded until June 13, 1916. In the meantime, on April 11, 1916, Thomas F. Hagan, obtained a personal judgment for $8,219.17 against Raitt and one Albert G. Hinn upon a promissory note, with decree of foreclosure of a vendor's lien upon a section of land which had been conveyed by Hagan to Hinn, and by Hinn to Raitt, the latter assuming payment of Hinn's note to Hagan. Abstract of this judgment was recorded in Swisher county on April 13, 1916. On June 6, 1916, the property foreclosed upon was sold under order of sale, Hagan becoming the purchaser at $7,500. After deducting the costs, this sale left a net balance upon the judgment of $974.11, for which amount alias execution was issued on June 7, 1916, in favor of Culton, who purchased Hagan's interest in the judgment immediately after the foreclosure sale. Under this alias execution, the property in controversy was purchased by Culton at execution sale. Culton's firm was employed to bring the suit for Hagan some time about February, 1916, under an arrangement by which the firm was to have the 10 per cent. attorney's fees provided for in the notes in case they were collected; that is, Hagan was to receive the net amount of principal and interest due on the notes before Culton's firm received any of the proceeds as attorney's fees. The credit upon the judgment resulting from the foreclosure sale left a balance of approximately $230 going to Hagan, and the remainder of the judgment was attorney's fees going to Culton's firm. It was conceded that Culton knew of the deed from Raitt to Ives at or about the time of its execution, but his employment by Hagan in the foreclosure suit did not begin until some time in February, 1916. At the time of the foreclosure sale, Hinn, who was jointly liable with Raitt on the Hagan judgment, sent his attorney, Zimmerman, to bid at the sale, and an agreement was made between Culton and Zimmerman that if the latter would not bid Hagan would release Hinn from further liability on the judgment.

[1-6] The Court of Civil Appeals reached the following conclusions with regard to the validity of the execution sale and the right of defendant to attack it under the plea of not guilty:

That the burden of proof was upon Ives to show that Hagan had notice of Ives' unrecorded deed at the time the abstract of judgment was recorded.

That the knowledge acquired by Culton prior to his employment by Hagan could not be imputed to Hagan.

That the contract of employment between Hagan and Culton's firm amounted to an equitable assignment of an interest in the cause of action and judgment in favor of the latter, but that this interest was severable from that of Hagan, which was therefore not affected by Culton's previously and independently acquired knowledge of the unrecorded deed.

That, the lien being valid upon the property to the extent of the balance owned by Hagan after the foreclosure sale, Culton by his purchase of the remainder of the judgment acquired this balance and the lien of the abstract of judgment as it existed in the hands of Hagan.

And that the alias execution was not invalid because for a larger amount than that secured by lien upon the property levied upon.

These conclusions are sound; and, in view of their able presentation by the Court of Civil Appeals, we deem a statement of them all that is necessary, except to advert to the case of Simmons v. Arnim, 220 S. W. 66, as a recent restatement by the Supreme Court of the law announced in the last conclusion.

[7, 8] The majority of the Court of Civil Appeals further held that, although the agreement between Culton and Zimmerman constituted a fraud in law, in that it prevented or chilled bidding at the foreclosure sale, still this fact did not render the sale absolutely void, but merely voidable, and that sale was conclusive as determining the amount of the deficiency for which execution should issue, so long as it was not set aside by direct proceeding for that purpose. The correctness of this holding follows from the decision in Pope v. Davenport, 52 Tex. 206, to the effect that an illegal agreement to chill bidding does not render an execution sale void, but merely voidable upon direct attack to set it aside. The holding in that case has never been disturbed. The foreclosure sale, being only voidable, is subject, in law, to recognition by the parties as entirely valid; and, as long as it so stands, the sale under alias execution is bound to remain unaffected by it, so far as the same parties are concerned. It cannot be attacked or set aside by them collaterally.

We conclude, therefore, that the judgments of the district court and Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.