## HAMMOND v. FLOYD. (No. 2119.)*

(Court of Civil Appeals of Texas. Amarillo.
Nov. 7, 1923. Rehearing Denied
Nov. 28, 1923.)

**1. Homestead ⚖══99—Postponed to lien for
purchase money advanced to buy property.**

The advancement of purchase money, with
the understanding that lender was to have a
lien on the property purchased to secure his
advancement, gave him an equitable and en-
forceable lien superior to borrower's subse-
quent claim of homestead, notwithstanding no
written lien was executed at the time pur-
chase money was advanced, it being suf-
ficient that it was recognized subsequently by
execution of a deed of trust.

**2. Homestead ⚖══121—Sale under deed of trust
given for purchase money conveyed title.**

Where money was advanced to purchase
lots, with the understanding that lender was to
have a lien on property purchased to secure his
advancement, the fact that sale under deed of
trust afterwards given to secure the lien was
made to satisfy a total indebtedness of which
improvements were a large part did not ren-
der the sale void, it being borrower's duty to
tender the amount owed as purchase money,
and not having done this the sale was valid
and conveyed title.

Appeal from District Court, Dallam Coun-
ty; Reese Tatum, Judge.

Trespass to try title by W. W. Floyd
against H. J. Hammond. Judgment for plain-
tiff, and defendant appeals. Reversed and
rendered.

R. E. Stalcup, of Dalhart, and O. P. Easter-
wood, of Clayton, N. M., for appellant.

Tatum & Strong, of Dalhart, and Under-
wood & Jackson, of Amarillo, for appellee.

RANDOLPH, J. Appellee as plaintiff filed
suit in the district court of Dallam county
against appellant in trespass to try title and
to recover possession of certain named town
lots in the town of Texline, Tex. Trial was
had before a jury and upon hearing the evi-
dence the trial court instructed a verdict in
favor of plaintiff. From a judgment ren-
dered on the instructed verdict the defendant
has perfected his appeal to this court.

Plaintiff filed suit in the district court of
Dallam county, as stated, and in his petition
prayed for an injunction to restrain the de-
fendant, appellant, and one E. L. McCullough,
trustee, from making sale under a deed of
trust of the property in controversy. Failing
to give the bond required by the court, no writ
of injunction was issued, and the sale of the
property under the deed of trust was consum-
mated. By amendment the plaintiff changed
his action into one of trespass to try title,
and in addition to the formal action pleaded
that he was a married man, the head of a

family; that he acquired title to the prop-
erty purchased, and paid for it with the in-
tention of making it his business home; that
after his purchase of the lots he erected
thereon a building which he was using as a
public garage, repair shop, and in the gener-
al automobile business; that same was his
business homestead; that the defendant,
Hammond, is setting up some kind of claim
to the property by reason of a deed of trust
dated December 12, 1917, and several other
deeds of trust given in renewal thereof; and
that all of said deeds of trust were void and
without force and effect and gave to the trus-
tee no authority to make sale of the prop-
erty described therein, and that the sale
made thereunder was null and void.

Defendant, after a general exception and
general denial, specially pleaded the trans-
actions between plaintiff and himself, and
seeks thereby to avoid plaintiff's claim of
homestead in the property.

The evidence establishes: That being
without funds the plaintiff approached the
defendant, who was a banker in Clayton, N.
M., during the summer of 1917, for the pur-
pose of securing money to purchase lots in
the town of Texline, Tex., and to erect a
building upon same in which to conduct the
above-named business. Defendant agreed to
furnish the money, and placed $4,000 to the
credit of plaintiff upon the plaintiff's agree-
ment to give him a first lien on the property
to secure the money to be advanced by him
for this purpose. The plaintiff thereupon
purchased the lots in controversy, and they
were paid for by the defendant, who ad-
vanced the money—$750. The plaintiff then
proceeded to make a contract for the erec-
tion of the building on the lots in controversy
with the Clayton Construction Company, the
work and material therefor being paid for
by defendant under the agreement. Before
the plaintiff moved in said building to occupy
same as his place of business, he and his
wife executed the deed of trust here in con-
troversy. The evidence shows that the de-
fendant advanced approximately $4,800 to
the plaintiff. Upon the failure of the plain-
tiff to pay the note he had given the bank for
such money advanced, the lots were sold un-
der the deed of trust. There was no ques-
tion raised as to the regularity of the sale
except its invalidity by reason of the prop-
erty being the business homestead of plain-
tiff.

It further appears from the evidence that
there were certain small sums, out of this
larger amount, that were checked out by
plaintiff for other purposes than the paying
for the lots and erection of the building,
and that a builder's and materialman's lien
was attempted to be given to the Clayton
Construction Company, which lien was as-
signed to defendant, but in our view of the

case it is not necessary to consider any of the questions arising by reason of contentions made upon the misuse of a part of the funds by plaintiff, and whether or not such builder's lien and the assignment thereof without record preserved to plaintiff or defendant any rights to be adjudicated, for the reasons now set forth.

[1] The defendant having advanced the money to purchase the lots on the agreement that he should have a prior lien to secure the payment of same, plaintiff's homestead claim is postponed to defendant's lien as to such purchase money advanced to buy the lots.

The advancement of purchase money by one party to another, with the express understanding that the first party is to have a lien upon the property purchased to secure his advancement, gives the first party an equitable and enforceable lien superior to a subsequent claim of homestead, notwithstanding no written lien was executed to fulfill the agreement at the very time the purchase money was advanced. It is sufficient that this equitable lien be recognized by the subsequent execution of the written lien.

In Benavides v. Houston Ice & Brewing Association (Tex. Civ. App.) 224 S. W. 388 (writ denied) it is held:

"Having agreed at the time all the money * * * was advanced for him to give the lien to assure its repayment, and then formally. by written instrument, in conjunction with his wife, so acknowledged before he moved in and while yet living with his family in a house he owned elsewhere, no homestead claim of Benavides himself nor of his wife could defeat such lien, so long as the indebtedness it secured remained enforceable against either of them."

See, also, the authorities cited in said last named case.

The appellant having under the evidence established an equitable lien, the question remaining to be discussed is: Did the sale under the deed of trust convey title to the property?

[2] The fact that the sale was made to satisfy the total amount of the indebtedness, of which the improvements on the lots constituted a large part, does not render the sale void. The appellant's claim for money advanced to plaintiff for plaintiff to purchase the lots in controversy was a valid claim, and the equitable lien to secure the same gave authority for the sale. If the foreclosure was not valid as to the improvements erected on the lots, it was the duty of appellee to tender the amount he actually owed as purchase money to the appellant, and not having done this, and the deed of trust having been properly foreclosed, the sale was valid and conveyed the legal and equitable title to appellant. Ives v. Culton (Tex. Civ. App.) 197 S. W. 620 (affirmed by Commission of Appeals 229 S. W. 321).

The appellant, having shown the legal and equitable title in himself, was entitled to recover, and we therefore reverse the judgment of the district court and here render judgment for appellant.

### On Rehearing.

In the original opinion it is stated, "the work and material therefor being paid for by the defendant under the agreement," and this statement is vigorously assailed by the appellee. We are of the opinion that the record of the facts, as a whole, bears out this conclusion, but we deem this immaterial as no judgment is rendered for the money furnished for the building and material. The case is decided upon the furnishing of the $750 purchase money of the lots. It is clear that appellant paid this purchase money and that he had an equitable lien, which was later merged into and evidenced by the deed of trust given by appellee and wife to appellant as beneficiary. It is immaterial whether this deed of trust was executed before or after appellee moved to the premises.

We are of the opinion that the appellee's motion for rehearing should be and it is in all things overruled.