Our conclusion is that Judge Williams is disqualified, and we therefore recommend that the petition for mandamus be denied.

CURETON, C. J. The opinion of the Commission of Appeals is adopted, and mandamus is refused.

---

## HENDERSON et al. v. ODESSA BUILDING & FINANCE CO. (No. 1161—5466.)

Commission of Appeals of Texas, Section B. Feb. 19, 1930.

Paul Moss, of Odessa, for plaintiffs in error.

John F. Weeks and C. W. Tate, all of Odessa, for defendant in error.

LEDDY, J. On April 28, 1928, plaintiffs in error recovered a judgment for $1,200 against Mrs. Florence Williams, and on May 1, 1928, an abstract of this judgment was duly recorded in Ector county. On May 31, 1928, execution was issued, and the sheriff levied the same on lot 3, block 102, South Williams addition to the town of Odessa, Ector county, Tex., and advertised it for sale, the same being sold on July 23, 1928, plaintiffs in error purchasing the same at such sale.

On June 28, 1928, after the lien had been fixed by the abstract of such judgment and the levy made on the above-described property, Mrs. Florence Williams, the record owner of the lot, executed and delivered to defendant in error what purported to be a confirmation deed, in which it was recited that by mistake her deed of November 7, 1927, to said corporation recited lot 5, block 103, instead of lot 3, block 102.

Defendant in error brought this suit against plaintiffs in error to recover the title and possession of said lot, alleging that the sheriff of Ector county had levied on the same as the property of Mrs. Florence Williams, and sold it to plaintiffs in error, who were threatening to dispossess it, and that at the time of the levy they had purchased said lot from Mrs. Florence Williams, but through mistake her deed to it misdescribed the lot.

The trial was to the court; judgment being rendered in favor of defendant in error. The trial court filed findings of fact, in which it was found that, at the time of the execution and delivery of the deed of Mrs. Florence Williams to the defendant in error, the parties to such transaction were under the impression that said deed contained the lot in controversy, both being under the impression that the same was lot 3 in block 102 in the South Williams addition to the town of Odessa, and that it was the intention of Mrs. Williams and defendant in error that the deed should have recited lot 3 in block 102 instead of lot 3, block 103.

It was further found by the trial court that on the date of the levy on lot 3, block 102, plaintiffs in error had no notice that Mrs. Florence Williams intended by her deed of November 7, 1927, to convey lot 3 in block 102 to the defendant in error.

The only question presented for determination is whether plaintiffs in error acquired a good title by its purchase under the execution sale aforesaid.

Article 6627, R. S. 1925, provides that an unrecorded deed of conveyance to land "shall be void as to all creditors and subsequent purchasers * * * without notice." It is the settled law of this state that a creditor who has fixed a lien upon real estate by judicial process, or by abstracting a judgment in the deed records, is a creditor with-

in the meaning of the above article of the statute. McKamey v. Thorp, 61 Tex. 648; Ayres v. Duprey, 27 Tex. 594, 86 Am. Dec. 657; Grace v. Wade, 45 Tex. 522; Diltz v. Dodson (Tex. Civ. App.) 207 S. W. 356.

The failure to convey the lot levied upon by plaintiffs in error through mutual mistake of the parties gave defendant in error an equitable right to have the deed reformed by correction deed or a decree in equity, but, as plaintiffs in error had no knowledge of such equity at the time their levy was made, the lien thereby fixed was superior to defendant in error's right to such reformation. This being true, plaintiffs in error acquired a good title as purchasers under the execution sale. White et al. v. Cowles (Tex. Civ. App.) 155 S. W. 982; Diltz v. Dodson (Tex. Civ. App.) 207 S. W. 356; Whitaker v. Farris, 45 Tex. Civ. App. 378, 101 S. W. 456.

Plaintiffs in error were entitled to the benefit of the lien fixed by their levy, and no notice received thereafter could affect their title. McKamey v. Thorp, supra.

We recommend that the judgments of the trial court and the Court of Civil Appeals be reversed, and that judgment be here rendered in favor of plaintiffs in error.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both reversed, and judgment is rendered for the plaintiff in error, as recommended by the Commission of Appeals.