J. C. HORNSBY ET AL. V. BOBBIE B. HORNSBY.

No. 6613.    Decided April 29, 1936.
Rehearing overruled June 17, 1936.
(93 S. W., 2d Series, 379.)

*L. Hamilton Lowe* and *Kleberg & Eckhardt,* all of Corpus Christi, and *Hornsby & Hornsby,* of Austin, for plaintiffs in error.

The separation agreement between Bobbie B. Hornsby and J. C. Hornsby was not a partition of the community property. International & G. N. Ry. Co. v. King, 41 S. W. (2d) 234; Huggins v. Carey, 108 Texas, 358; 13 Tex. Jur., p. 442, sec. 260.

*Sidney P. Chandler,* of Corpus Christi, and *R. A. Sowder,* of Lubbock, for defendant in error.

On validity of purchase of property from trustee in bankruptcy. Citizens Natl. Bank v. Jefferies, 2 S. W. (2d) 317; Patton v. Hill County, 297 S. W., 918; Pope v. Daveport, 52 Texas, 206; Bogart v. Cowboy State Bank, 182 S. W., 678.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

As originally instituted, this was a suit for divorce filed in the District Court of Nueces County, Texas, on March 12, 1931, by Mrs. Bobbie B. Hornsby, defendant in error, against her husband, J. C. Hornsby, one of the plaintiffs in error. On the same day the husband filed a like suit against his wife in the District Court of Lubbock County. From the recitals in the judgment rendered by the court in Lubbock County, it appears that Mrs. Hornsby filed a cross action for divorce in that case, but her prayer was denied and a divorce was granted on the petition of her husband on April 13, 1931. The decree made no disposition of the community property. A few days after he filed his petition for divorce, J. C. Hornsby filed a voluntary petition in bankruptcy in the Lubbock Division of the United States District Court, Northern District of Texas, and was duly adjudged a bankrupt on March 25, 1931.

Among the assets listed as community property were certain lots in Corpus Christi, the title to which is involved in this litigation. By order of the court of bankruptcy these lots were

sold by the trustee, and C. C. Hornsby, father of the bankrupt, purchased same, receiving from the trustee a deed thereto. Thereafter, Mrs. Bobbie B. Hornsby amended her petition in her divorce suit in Nueces County making new parties as follows: C. C. and Grace Hornsby, father and mother of J. C. Hornsby, and Wallace and Rosemma Hornsby, brother and sister-in-law of J. C. Hornsby. Because of the granting of the divorce in Lubbock County, all issues of divorce passed out of this case. This is therefore not an action for divorce, in which the jurisdiction of the Court of Civil Appeals is final. It is, in effect, a new suit instituted after the divorce was granted. The case went to trial on Plaintiff's Fifth Amended Original Petition, in which she prayed for judgment removing the cloud from her title to the lots, quieting her in her title and possession thereof, for judgment for the title and possession of same, together with certain personal property situated thereon, for actual and exemplary damages and for a permanent injunction perpetuating a temporary injunction theretofore issued forbidding the plaintiffs in error from vexing her or interfering with her possession of the lands and premises. There were certain alternative prayers not necessary here to mention. In the trial court she recovered, in the main, in accordance with the prayer of her petition, and the Court of Civil Appeals, after eliminating the item of exemplary damages, affirmed the trial court's judgment. 60 S. W. (2d) 489.

Three separate applications for writs of error were filed and each was granted. In one of these applications the question of whether this suit collaterally attacks the proceedings in the court of bankruptcy is presented for decision. Since our disposition of the case is to be controlled by our decision of that question, it becomes unnecessary to discuss the other questions presented.

Defendant in error claims title to the houses and lots in controversy under a settlement agreement between her and her former husband, J. C. Hornsby, setting aside to her all of their Corpus Christi property. That agreement was executed in November, 1929. It was annulled by a subsequent reconciliation, followed by a resumption of marital relations, (James v. James, 81 Texas, 373, 16 S. W., 1087; Cox v. Mailander, 178 S. W., 1012; Rose v. Rodgers, 264 S. W., 954; 15 Tex. Jur., 705); but it is claimed that on the date of the final separation of the parties they made an oral contract dividing and partitioning their community property in accordance with the terms of the former written agreement. For the purpose of

determining the controlling question, we assume, without deciding, that this contract was valid, as between the husband and wife, although it rested in parol. The question for decision is: Did the title to this property vest in the trustee in bankruptcy upon his appointment and qualification, notwithstanding the prior agreement between the bankrupt and his wife?

Before the granting of the divorce J. C. Hornsby was adjudged a bankrupt. In his schedules he listed the property in suit as a part of the community estate. By order of the bankruptcy court, that property was sold by the trustee. C. C. Hornsby was the purchaser, and a trustee's deed was executed and delivered to him. The effect of the judgment is to cancel and annul that deed. While the trial court sustained special exceptions to those portions of defendant in error's petition which alleged a conspiracy between J. C. Hornsby and C. C. Hornsby to use the court of bankruptcy as a means of accomplishing their purpose to acquire the land, thereby holding that the proceedings in that court could not be attacked collaterally in a state court, yet the judgment rendered had the effect of sustaining such an attack.

■ Section 70 (a) of the bankruptcy act (Title 11 U. S. C. A., Sec. 110(a) provides:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * *; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him. * * *"

Courts have experienced no difficulty in construing this language. As stated by the author of the annotations in U. S. C. A., Note 68, under Section 110, Title 11:

"Subdivision (5) is clearly the most comprehensive clause of paragraph (a) of this section, and the decisions thereunder are unanimous to the effect that this clause means precisely what its language imports, namely, that the trustee in bankruptcy is vested, by operation of law, with the title of the bankrupt to all property which, prior to the filing of the petition, the bankrupt could by any means have transferred, or which might have been levied upon and sold under judicial process against such bankrupt."

■ Numerous authorities are there cited supporting the text. Whether property is subject to sale under judicial process is determined by the local law. Rosenbluth v. DeForest & Hotchkiss Co., 81 Atl., 955; In re Shenberger, 102 Fed., 978; Hannah v. Swift, 61 Fed. (2d) 307. It is unnecessary to cite authorities to support the conclusion that, in this State the nonexempt community property of the husband and wife may be levied upon and sold under judicial process against the husband. This right of creditors cannot be defeated by agreements between husband and wife.

■ When J. C. Hornsby was adjudged a bankrupt and a trustee was appointed and qualified, the title to all of the nonexempt community property vested in the trustee by operation of law, as of the date of adjudication. Danciger v. Smith, 116 Texas, 269, 289 S. W., 679; Id., 276 U. S., 542. He, therefore, had the right to convey same under orders of the court of bankruptcy, and that conveyance could be annuled and set aside in no other way than by a direct proceeding brought in that court for that purpose.

The above holding in no sense conflicts with the holding of this Court in Foster v. Christensen (Com. App.), 67 S. W. (2d) 246. That case dealt with the subject of the wife's separate estate, the title to which did not vest in the trustee in bankruptcy, because she was not a party to the proceeding.

■ Defendant in error relies upon Art. 4634, R. S. 1925, which provides, in effect, that any alienation by the husband of lands belonging to the community during the pendency of a suit for divorce shall be null and void. This statute cannot be given the effect of denying to a party to a divorce suit the right to file a voluntary petition in bankruptcy. The Constitution of the United States vests in Congress the power to enact national bankruptcy laws. It has exercised that power and its laws on that subject are supreme. 7 C. J., p. 17, sec. 7.

■ The question of homestead was injected into the case by the defendant in error's petition, but was stricken out upon exception and left undetermined. If, in fact, the property in suit constituted the homestead of the bankrupt and his wife, then, by the express provisions of the statute above quoted, the title thereto did not vest in the trustee, and the wife is not bound by any adjudication by the court of bankruptcy on the homestead question. Citizens' State Bank v. Jeffries, 2 S. W. (2d) 317 (writ Ref.); Foster v. Christensen, supra.

In the trial court judgment was rendered against all of the

plaintiffs in error, except J. C. Hornsby, for damages for conversion by them of certain personal effects belonging to defendant in error and for rents of the real estate during the period of time between the taking possession thereof by them after the trustee's deed was delivered to C. C. Hornsby and the issuance of a temporary injunction ejecting them therefrom. It is claimed that there was no evidence of conversion. Since the case must be retried, we shall not discuss this evidence. Under the court's definition of conversion, to which no objections are briefed, there was evidence supporting the jury's answer. The action for damages is so closely connected with the action for title that the entire case must be retried in the light of this opinion.

The judgments of the Court of Civil Appeals and the trial court are reversed and the cause remanded.

Opinion adopted by the Supreme Court April 29, 1936.

Rehearing overruled June 17, 1936.