## MARTIN et ux. v. FEDERAL LIFE INS. CO.

No. 5190.

Court of Civil Appeals of Texas. Texarkana.
April 7, 1938.

Rehearing Denied May 5, 1938.

Wilkinson & Wilkinson, of Mt. Vernon, and J. A. Ward, of Mt. Pleasant, for appellants.

Robert Sansom and Mack & Mack, all of Ft. Worth, and T. C. Hutchings, of Mt. Pleasant, for appellee.

HALL, Justice.

This is a suit in trespass to try title brought by appellants against appellee for title and possession of an undivided one-half interest in 230 acres of land situated in Franklin county. Appellants, in addition to their statutory action, alleged that they became the owners of an undivided interest in the land in 1918, and had resided thereon continuously as their homestead until the present time; that the deed to the entire tract of land was taken in the name of C. S. Martin, the father and partner in business of appellant W. R. Martin; and on September 10, 1918, C. S. Martin conveyed the entire tract to F. J. Joyce for a consideration of $29,000, of which $26,500 was cash, and the assumption of $2,500 due W. M. McGeorge, which last indebtedness was secured by lien against said land; that shortly after the above sale was consummated F. J. Joyce and appellant W. R. Martin entered into a contract in writing whereby it was agreed between them that upon payment by appellant Martin of one-half the consideration in the deed from C. S. Martin to Joyce, he, Joyce, would convey to W. R. Martin, appellant, an undivided one-half interest in said land; that said consideration was paid by him to Joyce on December 26, 1919, not in cash but by credit of the value of appellant's one-half interest therein. Appellants alleged, further, that on December 31, 1920, F. J. Joyce executed a deed of trust covering this land in favor of the Reynolds Mortgage Company to secure the payment of $10,000 indebtedness; that no part of said indebtedness represent-

ed purchase money on said land; that on January 11, 1929, F. J. Joyce conveyed the entire tract of land to appellants, they assuming the indebtedness due Reynolds Mortgage Company; that "while the deed conveys the whole of said land, in truth and in fact at the time of said conveyance the said F. J. Joyce had title to only an undivided ½ interest therein"; that their homestead claim on the date of the Reynolds Mortgage Company deed of trust to an undivided one-half interest therein was known to the mortgage company, or by the exercise of ordinary diligence could have been known by it; that on February 20, 1932, they executed a deed of trust covering this entire tract of land in favor of appellee, Federal Life Insurance Company, to secure the balance due on the Joyce note to the Reynolds Mortgage Company assumed by appellants in 1929; that said last deed of trust is void for the reason that the property covered by same was the homestead of appellants; and, further, for the reason that appellant Willie Lee Martin, wife of appellant W. R. Martin, did not appear before a notary public and did not execute said deed of trust separately and apart from her husband, nor did she acknowledge the instrument as required by law. Appellants alleged, further, that in 1933, appellant W. R. Martin was adjudged a bankrupt, and, believing it was necessary to do, he inventoried before the referee in bankruptcy the land here in controversy as being incumbered with the indebtedness due appellee, without claiming his homestead exemption thereto; that he claimed as exempt certain personal property which was set aside to him; that appellee proved up his claim before the referee in bankruptcy and the land here in controversy was sold to appellee in satisfaction of its debt and lien against it; that W. R. Martin made no objection to the procedure in the bankruptcy court. Appellant alleged further that the trustee's deed to this property made by authority of the bankruptcy court was void for the reason that the land here involved was the homestead of appellants, was ex parte as to appellant Willie Lee Martin, wife of W. R. Martin, the bankrupt, and that she "was not and could not be bound by any proceedings or any orders had or made by the bankrupt court." It is alleged further that in January, 1936, appellee procured judgment against appellants in forcible detainer in justice court and was threatening to execute same. The prayer was for temporary injunction restraining the execution of the forcible detainer, judgment for title and possession of said property, and for removal of the cloud cast by the claim of appellee.

Appellee answered by general demurrer, special exceptions, general denial, and to the merits. The trial court overruled the general demurrer and all exceptions and demurrers, except the following special exception: "Defendant further specially except to plaintiffs' said pleading, for the reason that it conclusively appears from allegations in paragraph 12 of said pleading that title to the 230 acres in question and to the entire interest therein passed to the defendant, Federal Life Insurance Company, and that plaintiffs no longer have any interest therein."

We deem it proper at this point to set out paragraph 12 of appellants' amended petition:

"That on the ——— day of ———, 1933, W. R. Martin was adjudged a bankrupt and at that time the said land was his property and was being occupied and used as a homestead, inventoried in his schedule of property as at that time he believed that it was necessary to do so; and as a matter of law the bankrupt court acquired no right to any of the exempt property except to set the same aside to him as required by law, and that the said property as his homestead did not come under the administration of his estate; that the said 230 acres of land in this petition described was at the time of his adjudication in bankruptcy and filing his schedule the only land that plaintiffs owned and in the schedule of said W. R. Martin he scheduled the said 230 acres of land as being encumbered with an indebtedness due The Federal Life Insurance Company; That in claiming his exemption the said W. R. Martin claimed certain personal property as exempt but did not claim any exemption as to the 230 acres of land. That the Trustee in bankruptcy made his report to the Referee which showed the claim for exemption for personal property and which claim did not include any claim for any homestead exemption or any claim as to the 230 acres included and described in this petition. That the Federal Life Insurance Company filed proof of its claim as a secured claim claiming that it was secured by Deed of Trust Lien on the land in this petition described which claim was allowed by the Referee and upon such allowance the Federal Life Insurance Company made application to have said land sold to satisfy

the lien and debt claimed against it. Which application was granted by the Referee and the said land was by him ordered sold in satisfaction of the lien and debt claimed in pursuance with said order of sale the land was sold by the Trustee of the bankrupt and at said sale the Federal Life Insurance Company became the purchaser of the land and the same was purchased for the amount of its debt against the bankrupt and the Trustee by order of the Referee made deed to the said 230 acres of land to The Federal Life Insurance Company reciting as the consideration the indebtedness against the Bankrupt; And the said W. R. Martin made no objection at the Bankrupt Court of the procedure as set out above.

"Plaintiffs would further show that said deed so made by the Trustee was void because the Trustee who was purporting to act as Trustee of the estate in Bankruptcy was without authority to make such sale because the land in the same described was a homestead of the Plaintiffs by reason of the fact hereinbefore alleged was not subject to administration in the bankruptcy court and as to Willie Lee Martin the wife of W. R. Martin was ex-partee she not being a party to the proceedings and was not and could not be bound by any proceeding or any orders had or made by the bankrupt court."

The appellants refusing to amend, this cause of action was dismissed by the trial court, and appellants prosecute their appeal to this court.

Appellants' second proposition is: "The court should not have sustained the defendant Federal Life Insurance Company's special exception contained in the third paragraph of its original amended exceptions and it should not have held that the conduct of W. R. Martin in scheduling the land as assets and in failing to claim it as exempt and agreeing to its sale by the trustee in bankruptcy, estopped Willie Lee Martin, his wife, from setting up her homestead claim to the land."

This proposition presents concisely the vital question on this appeal. The effect of sustaining the special exception, in the form in which it was presented, to paragraph 12 of appellants' petition, was tantamount to sustaining a general demurrer to the entire petition and amounted to an admission of the allegations contained in said paragraph, as well as the entire petition, and that they were insufficient in law to permit appellants to recover on the whole case. Undoubtedly this was the view taken by the trial court and induced him to dismiss the case. Does the failure of the bankrupt husband to claim an exemption of the community homestead of himself and wife she not being a party to the bankrupt proceedings, preclude the wife from thereafter filing suit in the district court for title and possession of the same against the purchaser thereof at the trustee's sale? As stated in Chicago, B. & Q. R. Co. v. Hall, 229 U.S. 511, 33 S.Ct. 885, 886, 57 L. Ed. 1306, "title to exempt property does not vest in the trustee, and cannot be administered by him for the benefit of the creditors. But it can 'pass to the trustee as a part of the estate of the bankrupt,' for the purposes named elsewhere in the statute, included in which is the duty to segregate, identify, and appraise what is claimed to be exempt." The manner of claiming exemption by parties before the bankrupt court is regarded by the Bankrupt Act and the rules promulgated by the Supreme Court of the United States in respect thereto. In re Gerber, 9 Cir., 186 F. 693, and cases there cited. However, only such property passes to the trustee in bankruptcy for distribution among the creditors under section 70 of the National Bankruptcy Act, 11 U.S.C.A. § 110, "which prior to the filing of the petition he [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him." Under the pleadings of appellant an undivided one-half interest in the land in controversy constituted their homestead and had been continuously used as such since 1918, and under the laws of this state could not have been sold either by the husband alone or under judicial process in satisfaction of any indebtedness due by the husband or wife, or both, except such indebtedness as could be fixed against it under the Constitution of this state. The allegations in said petition, we think, fairly show that the lien found by the bankrupt court to be a charge against this entire tract of land was in fact a charge against only the undivided one-half interest therein not constituting appellants' homestead.

There is no contention made that the wife was a party to the bankrupt proceedings. The wife, then, not having been a party to the proceedings in the bankrupt court, could collaterally attack that judgment in any tribunal having jurisdiction of the parties and the subject matter. Foster v. Christensen, Tex.Com.App., 67 S.W.

2d 246, writ refused. The wife was in no sense a party in the bankrupt proceedings involving her husband simply because she was his wife. Nadel v. Weber Bros. Shoe Co., 70 Fla. 218, 70 So. 20, L.R.A.1916D, 1233; In re Dixon, D.C., 18 F.2d 961. We conclude, then, that the failure of W. R. Martin, the husband, to claim as exempt property in his schedule of assets in the bankruptcy court the homestead of himself and wife in nowise abridged the right of his wife subsequently in a court of competent jurisdiction to bring suit against the purchaser thereof at the bankrupt sale for her homestead interest therein. Citizens' State Bank of Lindale v. Jeffries et ux., Tex.Civ.App., 2 S.W.2d 317, writ refused; Foster v. Christensen, supra; Hornsby v. Hornsby, 127 Tex. 474, 93 S.W. 2d 379.

We are of the opinion that the trial court committed error in sustaining appellee's special exception to paragraph 12 of appellants' petition and in dismissing said cause of action.

Other assignments of error brought forward have been examined and found without merit and are overruled.

The judgment of the trial court is reversed, and the cause remanded.

### On Motion for Rehearing.

Appellee earnestly insists that we erred in our original opinion handed down March 24, 1938, reversing and remanding this cause, and contends that the rights of appellant Mrs. Martin were precluded by the judgment in the bankruptcy court, and, if not, that whatever rights she had in the property in controversy must be litigated in the bankruptcy court. Had this property been nonexempt community property, then, of course, the jurisdiction of the bankruptcy court would have attached and the conveyance by the trustee "could be annulled and set aside in no other way than by a direct proceeding brought in that court for that purpose." Hornsby v. Hornsby, 127 Tex. 474, 93 S.W.2d 379, 381. But the important question of the homestead character of this property has not been litigated. It is not claimed that Mrs. Martin was ever before the bankruptcy court; and any proceedings in that court, absent her, foreclosing the alleged deed of trust lien, could in nowise affect her constitutional right to her homestead exemption. Taking the allegations in appellants' petition as true, the bankruptcy court did not have jurisdiction of either the person (Mrs. Martin) or the subject matter (the homestead). As said in Hornsby v. Hornsby, supra (page 381): "The question of homestead was injected into the case by the defendant in error's petition, but was stricken out upon exception and left undetermined. If, in fact, the property in suit constituted the homestead of the bankrupt and his wife, then, by the express provision of the statute above quoted [Sec. 70a, Subdivision 5, Bankruptcy Act, 11 U. S.C.A. § 110(a) (5)], the title thereto did not vest in the trustee, and the wife is not bound by any adjudication by the court of bankruptcy on the homestead question."

 Appellee admits the force of the statement just quoted, but says it is dictum and not necessary to the decision of that case. Be that as it may, it is certainly persuasive on the question discussed therein, coming, as it does, from the Commission of Appeals under express sanction of the Supreme Court of this state.

Therefore the motion for rehearing is overruled.