**SEGREST et al. v. HALE et al.**

No. 11299.

Court of Civil Appeals of Texas. Galveston.
Dec. 18, 1941.

Rehearing Denied Jan. 22, 1942.

E. M. Critz, of Coleman, for appellants.

Baker & Baker, of Coleman, and J. A. Kibler, of Waco, for appellees.

CODY, Justice.

In form this suit is one in trespass to try title to a certain 262½ acre tract in Coleman County, brought by appellees against defendants, Segrest and McCown, in which Henry Walter Williams filed a plea of intervention wherein he made appellees parties defendant. But in substance the ultimate and only question presented below and on appeal is with reference to an undivided one-fourth interest in the aforesaid 262½ acre tract which was formerly owned by one O. B. Lloyd.

The appellants, who were defendants and intervenor below, claimed title to the undivided one-fourth interest in the 262½ acre tract under a deed executed by the trustee in bankruptcy of the estate of O. B. Lloyd, aforesaid, on September 27, 1940, conveying the interest of O. B. Lloyd in the 262½ acre tract to appellant Williams, who, in turn, by his deed of the same date, conveyed a half interest therein to his lawyers, appellants Segrest and McCown. Appellants Segrest and McCown represented Williams in a damage suit against O. B. Lloyd, and recovered judgment against Lloyd for $1,650 on April 6, 1939, in the District Court of McLennan County, and thereafter, on May 10, 1939, O. B. Lloyd filed petition in bankruptcy in the Federal Court at Waco, and listed the claim of

intervenor based on said judgment, etc. Thereafter, and after O. B. Lloyd had been discharged, the referee, on September 27, 1940, confirmed the sale of the interest of O. B. Lloyd in the land aforesaid.

Theretofore, according to the verdict of the jury, in 1933 O. B. Lloyd wrote a letter which his evidence showed he intended to operate as a gift of his interest in the aforesaid tract to appellee, Mrs. M. B. Erklin, a widowed sister. The letter, considered as a deed of conveyance, was void because the description of the tract was fatally defective. Thereafter, however, O. B. Lloyd executed a quitclaim deed to his interest in the land to Mrs. Erklin, which, according to appellees' evidence, and the jury's verdict, was in 1937. This deed was not recorded until in January, 1941. It is appellants' contention that the title of O. B. Lloyd to his interest in the aforesaid tract, notwithstanding the unrecorded deed of gift, became vested in his trustee in bankruptcy as of the date of the bankruptcy under the provisions of the Chandler Act of September 22, 1938, § 70, sub. a(5), being 11 U.S.C.A. § 110, sub. a(5), providing that the trustee of the estate of a bankrupt shall be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition in bankruptcy to all "(5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered."

 Now if the Act, as quoted, means just what it says, it is impossible to deny that the trustee became vested with the title to O. B. Lloyd's interest in the tract, because, due to the deed of gift being unrecorded, said interest was one that "might have been levied upon and sold under judicial process against him." Whether property is subject to sale under judicial process, as that term is used in the bankruptcy act, is determined by local law. Hornsby v. Hornsby, 127 Tex. 474, 478, 93 S.W.2d 379.. And it is the law of this State that a prior unrecorded deed shall be deemed void as to all creditors and subsequent purchasers without notice. R.S. Article 6627. And a judgment creditor who has fixed a lien upon real estate by judicial process or by abstracting a judgment is a creditor within the purview of said article. Henderson v. Odessa Bldg. & Finance Co., Tex.Com.

App., 24 S.W.2d 393; and the judgment lien takes precedence of a prior unrecorded deed by the judgment debtor unless the judgment creditor has notice thereof. Id. The burden of proof is on the unrecorded deed. Ives v. Culton, Tex.Com. App., 229 S.W. 321, 322. Our Supreme Court held in 1936, through the Commission of Appeals, that the act means just what it says, in these words, in the case of Hornsby v. Hornsby, supra, 127 Tex. at page 477, 93 S.W.2d at page 381:

"Section 70(a) of the Bankruptcy Act (Title 11 U.S.C.A. § 110(a), provides:

"'The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him.'

"Courts have experienced no difficulty in construing this language. As stated by the author of the annotations in U.S.C.A., note 68, under section 110, title 11:

"'Subdivision (5) is clearly the most comprehensible clause of paragraph (a) of this section, and the decisions thereunder are unanimous to the effect that this clause means precisely what its language imports, namely, that the trustee in bankruptcy is vested, by operation of law, with the title of the bankrupt to all property which, prior to the filing of the petition, the bankrupt could by any means have transferred, or which might have been levied upon and sold under judicial process against such bankrupt.'"

 Thus it would appear that, had O. B. Lloyd not filed his voluntary petition in bankruptcy that his judgment creditor, Williams, could have, by judicial process, attached the interest deeded by Lloyd to his sister by the unrecorded deed of gift. And if the Act means what it says, then Lloyd, by filing his petition in bankruptcy, thereby vested in the trustee in bankruptcy, after he was appointed, this same interest which Williams could have reached by judicial process, except for such bankruptcy proceeding. The fact that the deed of gift

was a valid conveyance between Lloyd and his sister, and all persons having notice thereof, does not alter the case. In the Hornsby case, supra, it was held that, although as between the husband and wife the property there involved belonged to the wife, her rights not appearing of record, the property passed to the trustee in bankruptcy.

It is unnecessary, we believe, to cite authority to show that after the property became vested in the trustee in bankruptcy, he could thereafter sell to all purchasers, and the fact that appellants came to learn of the deed of conveyance after the property became so vested in said trustee cannot prevent appellants from acquiring title from said trustee.

■ Appellees' answer to appellants' contention is that subdivision d(2) § 67 of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. d(2), provides that "Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition in bankruptcy * * * is fraudulent (a) as to creditors existing at the time of such transfer or obligation", etc., makes it plain that a court of bankruptcy is authorized to inquire into and declare fraudulent such transfers only as are made by a debtor within one year prior to the filing of the petition in bankruptcy; and that clause (5), sub. a, of Section 70 of the Bankruptcy Act, when construed together with subdivision d(2), § 67 of the Act, makes it follow that the trustee in the O. B. Lloyd bankruptcy proceeding was vested with title to only such property as Lloyd owned at the time of the filing of his petition in bankruptcy. We do not agree with this answer. To start with, Clause (5), sub. a, of Section 70 does not purport to relate to fraudulent transfers of property—clause (4), sub. a, of Section 70 performs that function, reading: "(4) property transferred by him in fraud of his creditors." So that Section 70 in addition to providing for the vesting of the property transferred by the bankrupt in fraud of his creditors in clause (4), provides for the vesting in said trustee of the property in clause (5) quoted in part above—which has nothing to do with fraudulent transfers.

It should not be overlooked, in connection with subdivision d(2) of § 67, that Subdivision d(5) of the selfsame section provides: "For the purposes of this subdivision d, a transfer shall be. deemed to have been made at the time when it became so far perfected that no bona-fide purchaser from the debtor and no creditor could thereafter have acquired any rights in the property so transferred superior to the rights of the transferee therein, but, if such transfer is not so perfected prior to the filing of the petition in bankruptcy * * * it shall be deemed to have been made immediately before the filing of such petition." As appears from the facts stated above, the transfer by O. B. Lloyd to his sister by the deed of gift never perfected the title in her, until January, 1941, to the point where a bona fide purchaser from O. B. Lloyd would not have obtained good title, because it was only in January, 1941, that the deed of gift was recorded. Hence, if subdivision d(2), § 67, is applicable to the facts of this case, then, by virtue of subdivision d(5) of § 67 the transfer represented by the deed of gift of 1937, for the purposes of the act, must be construed as having occurred immediately prior to the filing of the petition in bankruptcy—which, by statutory fiction, would be within one year of the incurring of the indebtedness, that is, within a year of the recovery of judgment against O. B. Lloyd.

The undisputed facts of this case bring it within Section 70, sub. a(5), so as to vest in the trustee in bankruptcy, after his appointment, the property which, as between O. B. Lloyd and his sister, had been conveyed to the sister by deed of gift. The deed therefore from the trustee in bankruptcy to Williams effected a transfer of an undivided one-fourth of the 262½ acres.

The judgment was erroneous in so far as it awarded the title and possession to appellees to the entire 262½ acres, in that it should have awarded to appellees all of the 262½ acres except an undivided one-fourth thereof, which undivided one-fourth should have been awarded to appellants as follows: to appellant Williams, an undivided one-half of said one-fourth, and to appellants Segrest and McCown the other one-half of said one-fourth. It is therefore ordered that the judgment of the court below be reformed as hereinabove indicated, and, as thus reformed, affirmed.

Reformed and affirmed.