## STANDARD v. STANDARD.
### No. 9607.

Court of Civil Appeals of Texas. Austin.
Jan. 15, 1947.

R. E. Gray, of San Saba, for appellant.

Sylvester Lewis, of Lampasas (J. V. Hammett, of Lampasas, of counsel), for appellee.

McCLENDON, Chief Justice.

This appeal is by the wife, from that portion of a judgment of divorce which decreed that the two spouses were equally interested in 17.5 acres of land and a Ford pick-up truck; and appointed a receiver to sell the property and divide the proceeds accordingly. The wife contends that the two items (originally community property) are her separate property: the land under

a separation agreement deed and the truck under purchase agreement from the husband.

■ There is no statement of facts, and (other than recitals in the judgment) no findings of fact by the trial court. No allegations in appellant's brief as to facts shown by the evidence can therefore be considered, other than as recited in the judgment.

In so far as concerns the 17.5 acres of land, the judgment recites: "* * * the court finds that the plaintiff and defendant own as community property the land and premises hereafter described, which was acquired by them after marriage by their common funds and was not acquired by either of them by means of any funds belonging to separate estate of either, nor by gift, devise or descent, and that on or about July 13, 1945, plaintiff and defendant permanently separated with the intention of securing a divorce and at such time made and entered into what was intended to be a full and complete settlement of their community property, both real and personal, pursuant to which the plaintiff borrowed the sum of $500.00 and paid it to the defendant and the defendant executed a deed dated July 13, 1945, recorded in Volume 109, page 506 of the deed records of San Saba County, Texas, purporting to convey to the plaintiff all interest in the land and premises hereafter described but the court finds that thereafter and before said separation agreement was fully executed the said parties became reconciled and resumed marital relations upon the mutual understanding and with the expressed intention that everything was to be as it was before the said separation and that said $500.00 was returned to the plaintiff who repaid it to the person from whom she had borrowed it and that said parties did thereafter live together as man and wife upon the land and premises hereafter described, which was their homestead; and the court further finds from the evidence that no element of a gift from the defendant to the plaintiff was shown nor contended for; that there was no consideration for the deed above mentioned and no intention to convey otherwise than as by reason of the aforesaid separa-

tion and that there was no agreement expressed or implied between the parties while they were yet separated that said separation agreement would remain in force or effect; and the court further finds from the evidence that the parties agreed to and did become reconciled and resume marital relations upon the expressed agreement that everything was to be between them as before the said separation, and the court being of the opinion that, with due regard for the right of each party an equal division of the said property will be just, right and equitable."

■ The general rule in this jurisdiction is that a separation agreement between husband and wife regarding their property rights is "annulled by a subsequent reconciliation, followed by a resumption of marital relations." Hornsby v. Hornsby, 127 Tex. 474, 93 S.W.2d 379, 380, citing James v. James, 81 Tex. 373, 16 S.W. 1087; Cox v. Mailander, Tex.Civ.App., 178 S.W. 1012 (error refused); Rose v. Rogers, Tex.Civ.App., 264 S.W. 954; and 15 Tex. Jur., 705. The same general rule seems to prevail in other jurisdictions. See 42 C. J.S., Husband and Wife, § 601, p. 185, and case notes in 40 A.L.R. 1227 and 85 A.L.R. 420.

A recognized exception to this rule is that where the separation agreement evidences a fair and equitable division of the joint property of the spouses and a mutual understanding that the division is to be permanent, or such agreement is subsequently made by the parties while living apart, reconciliation and resumption of marital relations will not vacate the property agreement. This question is ably discussed with collation and digest of authorities in Speckels v. Kneip, Tex.Civ. App. 170 S.W.2d 255 (error refused) (McGill, then Special Commissioner, now Associate Justice, writing for the El Paso court).

A case relied upon by appellant is Batla v. Batla, Tex.Civ.App., 51 S.W. 664, 665. The holding there is thus expressed in the opinion: "It appears * * * that the separation of Thomas and Rosina Batla was actual, and intended as permanent when made. In such situation a division

of their community, made for the purpose of separating their interests, and giving to each one half of the property, if fairly consummated (as appears here), is effectual and the property thus obtained by each becomes his or her separate property."

Judge McGill gives this analysis of this case: "There is authority for the proposition that even in the absence of such an understanding the resumption of marital relations by the spouses years after such agreement does not change into community, property which became the separate property of each under the separate agreement."

He also adverts to the following quotation from Speer on Marital Rights in Texas, 3rd Ed., p. 200: "Nor could such reconciliation, whatever the intention, have the effect to reinvest title already vested through instruments of conveyance executed in a manner required by law."

This last quotation we assume to be to the effect that where there has been a final and irrevocable conveyance of property from one spouse to another, upon sufficient consideration it would require a reconveyance, executed under legal formalities, to divest such title and reinvest it in the other spouse. We do not think it should be given the interpretation that in so far as a conveyance of realty is involved in a separation agreement, it can not be annulled by subsequent reconciliation and living together of the spouses without the formality of a reconveyance. Such view is not sustained by any of the cited cases.

In the Speckels case the spouses had lived together as such from 1871 until 1922 or 1923 when they separated. May 5, 1924, while they were still separated they made a complete division of their entire community property valued at about $80,000, each receiving a fair moiety, and relinquishing to the other his or her interest in the other moiety. At the request of the husband the wife returned to him in 1928 and lived with him until his death in 1935. After reciting in some detail the testimony of the wife, the opinion reads [170 S.W.2d 260]: "We think the testimony warrants no other conclusion than that at the time Mrs. Speckels returned she and her husband had a mutual understanding that the division of community property made by the agreement of May 5, 1924, was to remain unimpaired by the resumption of marital relations, and that such understanding was recognized and lived up to by both parties until the time of Mr. Speckels' death."

We have no comparable situation here. The judgment recitals expressly negative any consideration for the conveyance, other than what might be inferred from the payment to the husband of $500 which the wife borrowed. There was no agreement, express or implied, during the separation that the agreement would remain in effect; and the reconciliation and resumption of marital relations was upon the express agreement that everything was to be the same between them as before the separation. The $500 was returned to the wife, who used it to repay the debt incurred in borrowing it. There is no finding that the agreement was fair or equitable; and the theory of gift is expressly negatived.

■ Under the judgment recitals the separation agreement was clearly annulled by the reconciliation and resumption of marital relations.

The judgment recitals regarding the "pick-up" read: "And it further appearing to the court that the parties in open court have agreed to divide the personal property—except the pick-up automobile described in the pleadings—between themselves without any further court action, no order is made herein relative to the said pick-up, and it is further ordered that said pick-up be sold by the receiver herein appointed and that the proceeds from such sale be divided between the parties one-half to each."

■ Certainly there is no basis for setting this portion of the judgment aside in the absence of a statement of facts showing that it was not supported by the evidence.

The trial court's judgment is affirmed.