### McDONALD et al. v. POWELL LUMBER CO. et al.

### No. 4743.

Court of Civil Appeals of Texas. Beaumont.

Sept. 27, 1951.

Rehearing Denied Oct. 24, 1951.

Homer E. Stephenson, W. P. Sexton, R. Lee Davis, all of Orange, A. M. Huffman, Beaumont, for appellant.

E. L. Reid, Clyde McKee, Jr., Orange, for appellee.

COE, Chief Justice.

Appellees, as plaintiffs in the trial court, filed their suit in form of trespass to try title against appellants, seeking to recover title and possession of 440 acres of land out of the Richard Ballew league of land located in Orange County, Texas, and for damages thereto. Some of the defendants were served with citation by publication and were represented by an attorney appointed by the court for that purpose. The defendants answered by general denial, pleas of not guilty and various pleas of limitation. At the conclusion of the evidence the plaintiffs filed their motion for an instructed verdict, which the trial court granted and entered judgment for the plaintiffs in accordance with such verdict.

The parties have agreed to a statement of facts upon which this case is submitted; the pertinent portions of which are as follows:

"Gilbert McDonald, Sr., and wife, Susan McDonald, are the common source of title through whom both plaintiffs and defendants claim.

"On the 23rd day of October, 1902, Gilbert McDonald, Sr., and wife, Susan McDonald, executed two deeds of trust, one conveying 400 acres and one conveying 40 acres, which together constitute all of the land in controversy. These deeds of trust conveyed this land to Isaac Harris as Trustee for the benefit of The Aultman & Taylor Machinery Company, to secure payment of certain promissory notes signed by Gilbert McDonald, Sr., and Gilbert McDonald, Jr., payable to The Aultman & Taylor Machinery Company and evidencing the indebtedness of the makers to that company for the purchase price of saw mill machinery sold to Gilbert McDonald, Sr., and Gilbert McDonald, Jr. Both deeds of trust were promptly placed of record in the office of the County Clerk of Orange County, Texas, on the 31st day of October, 1902.

"The said promissory notes were made payable in Dallas County, Texas, and, the makers defaulting in their payment, The Aultman & Taylor Machinery Company

filed suit in the District Court of Dallas County, Texas, on the 15th day of July, 1903, against Gilbert McDonald, Sr., and wife, Susan McDonald and Gilbert McDonald, Jr., asking for judgment against the makers of such notes for the amount of their debt and against all defendants for foreclosure of the Deed of Trust Liens securing payment of said notes. Plaintiffs obtained a judgment dated the 15th day of September, 1903, against Gilbert McDonald, Sr., and Gilbert McDonald, Jr., in the amount of Two Thousand Sixty-six Dollars ($2,066.00), and against all defendants for foreclosure of the Deeds of Trust Liens executed by Gilbert McDonald, Sr., and wife, Susan McDonald, upon all the property now in controversy in this suit. An order of sale was issued by the Clerk of the District Court of Dallas County, Texas, directing the Sheriff or any Constable of Orange County to seize and sell the property described in said Deeds of Trust, and being the property in controversy in this suit, as under execution. In pursuance of such order of sale and writ, the Sheriff levied upon such land on the 2nd day of November, 1903, and, after having given notice of the time and place of sale, duly sold such property for a valuable consideration to Oliver Bland, and on the 1st day of December, 1903, executed Sheriff's deed conveying the property to the said Oliver Bland, purchaser at said sale, which deeds were promptly placed of record in the office of the County Clerk of Orange County, Texas, on the 7th day of December, 1903. Plaintiffs now have and hold such title through a regular chain of conveyances from Oliver Bland.

"Defendants introduced evidence sufficient to raise an issue of fact for submission to the jury as to whether or not Gilbert McDonald, Sr., and wife, Susan McDonald, on the 8th day of September, 1894, executed a deed conveying to Ronald McDonald and Gilbert McDonald, Jr., a portion of the property in controversy. This purported deed remained unrecorded for more than twenty-nine (29) years and until the 19th day of July, 1924, when it was filed for record in the office of the County Clerk of Orange County, Texas. Defendants offered evidence to show that they are the heirs of Ronald McDonald and Gilbert McDonald, Jr.

"Defendants produced no evidence whatsoever regarding the status of either The Aultman & Taylor Machinery Company or Oliver Bland as bona fide purchasers without notice of the purported deed executed by Gilbert McDonald, Sr., and wife, Susan McDonald, as Grantors, with Ronald McDonald and Gilbert McDonald, Jr., as Grantees, but plaintiff introduced evidence sufficient to raise an issue of fact to be submitted to the jury that at the time The Aultman & Taylor Machinery Company secured its Deed of Trust Liens, obtained its judgment, order of sale and levy of execution, it had no notice of the purported deed and that at the time of the levy of the execution, sale and purchase of said property by Oliver Bland, he had no notice of said purported deed.

"The court, finding that the burden of proving notice to The Aultman & Taylor Machinery Company and Oliver Bland rested upon defendants, upon motion of plaintiffs, instructed the jury to find for plaintiffs, whereupon defendants moved the court to grant a new trial and this appeal is taken by defendants from the order of the court overruling said motion of defendants."

As stated by appellants, there is only one controlling point to be passed upon, that being whether the trial court was correct in his ruling that the burden of proving notice to The Aultman & Taylor Machinery Company and Oliver Bland rested upon appellants. It is the contention of the appellants that the burden of proof rested upon the appellees to establish by the evidence that The Aultman & Taylor Machinery Company had notice of said unrecorded deed from Gilbert McDonald, Sr., and wife, Susan McDonald, at the time the deeds of trust were executed, and that Oliver Bland had notice of said deeds of trust at the time he bought the property at Sheriff's sale. In passing upon this question, we must first determine whether The Aultman & Taylor Machinery Company was a creditor

within the meaning of Article 6627, Revised Civil Statutes of 1925, Vernon's Ann. Civ.St. art. 6627, which provides: "All bargains, sales and other conveyances whatever, of any land, tenements and hereditaments * * * and all deeds of trust and mortgages shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law". Appellants contend that The Aultman & Taylor Machinery Company was simply a contract lien holder and therefore was not a creditor within the meaning of this Article, and that it did not improve its position by fixing its lien through legal process. They rely, among other cases, upon the case of Turner v. Cochran, 94 Tex. 480, 61 S.W. 923.

We take it to be the settled law of this State that the lien of the judgment creditor who fixed his lien upon real estate by judicial process or by abstracting the judgment, takes precedent over a prior unrecorded deed executed by the judgment debtor, unless the judgment creditor has notice of the unrecorded deed at or before the time his lien was fixed upon the land. This seems to have been the rule, at least since the decision in Grace v. Wade & Mains, 45 Tex. 522. See, also, Segrest v. Hale, Tex.Civ.App., 164 S.W.2d 793; Ives v. Culton, Tex.Com.App., 229 S.W. 321; 26 Tex.Jur. Sec. 545, pg. 390, and cases cited there. In Grace v. Wade & Mains, supra, the court said: "The statute, in plain and unmistakable language, says that unrecorded conveyances, whether by deed or bond, are void as to two classes of persons, viz., all creditors and subsequent purchasers for valuable consideration and without notice. Now, it will be noted that there is a marked distinction between these two classes of persons for whose benefit the statute was enacted; for while such instruments are void as to all creditors, they are only (void) as to purchasers 'for a valuable consideration and without notice'." In Segrest v. Hale, Tex.Civ.App., 164 S.W. 2d 793, it is said a judgment creditor who has fixed a lien upon real estate by judicial process or by abstracting a judgment is a creditor within the purview of said Article, citing Henderson v. Odessa Building & Finance Co., Tex.Com.App., 24 S.W.2d 393, and the judgment lien takes precedence over a prior unrecorded deed by the judgment debtor, unless the judgment creditor has notice thereof. The burden of proof is on the unrecorded deed, citing Ives v. Culton, Tex.Com.App., 229 S.W. 321. Also, see Hornsby v. Hornsby, 127 Tex. 474, 93 S.W.2d 379, at page 381. Many cases could be cited, giving a definition of a creditor as including all persons whose claims are upon certain conditions charged by law as specific liens upon certain property, such as a holder of attachments, execution, judgment, landlords, and mechanic's liens. Such is the holding in Turner v. Cochran, supra; Diltz v. Dodson, Tex.Civ. App., 207 S.W. 356; Bowen v. Lansing Wagon Works, 91 Tex. 385, 43 S.W. 872; Ayres v. Duprey, 27 Tex. 593, 594; Henderson v. Odessa Building & Finance Co., Tex.Com.App., 24 S.W.2d 393. Many other cases could be cited to the same effect. Therefore, we are of the opinion that at the time The Aultman & Taylor Machinery Company established and foreclosed their lien in the District Court of Dallas County upon the land in controversy, they then became a creditor within the meaning of the statute, and again when the order of sale or execution was levied upon the land in order to satisfy such judgment they again became creditors within the meaning of the statute. In addition to the foregoing, the statement of facts shows that the judgment establishing and foreclosing the lien of The Aultman & Taylor Machinery Company also established and foreclosed such lien as against Gilbert McDonald, Jr. This was in addition to the personal judgment taken against him and the order of sale or writ of execution having been levied upon this land, and sold by the Sheriff to satisfy such judgment, would have the effect to pass any title then owned or claimed by Gilbert McDonald, Jr. Ronald McDonald not having been a party to the suit, and as far as shown had no notice thereof, we are inclined to the view that this judgment

would not preclude him or his heirs from asserting title to the land affected by the judgment. However, for the reasons set out above, the judgment of the trial court is affirmed.