**CARTER v. PRICE, District Clerk.**
No. 14233.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 22, 1940.

F. V. Hinson, of Graham, and R. A. Stuart and Wm. R. Watkins, both of Fort Worth, for relator.

Fred T. Arnold, of Graham, for respondent.

SPEER, Justice.

Earnest V. Carter, as relator, instituted this proceeding against Nat Price, respondent, as District Clerk of Young County, Texas, seeking at our hands a writ of mandamus to require respondent to compile and deliver to him a transcript of the record in cause No. 10,576, Clara Carter v. Earnest V. Carter, theretofore pending in the District Court of Young County, Texas.

The petition alleges that the case was tried and judgment was entered against him; that on September 5th, 1940, his amended motion for new trial was overruled, to which he excepted and gave notice of appeal to this court. That thereafter, on September 26th, 1940, he presented to

the Deputy District Clerk his appeal bond; that the bond was then and there approved and filed; that he then requested the respondent to prepare for him a transcript of the proceedings had in said cause and deliver it to him; that the transcript has been prepared but that respondent will not deliver it without the filing by relator of an additional bond. The petition is sufficient upon its face to entitle relator to the relief sought.

The respondent has answered the petition filed in this court, in which answer it is alleged that relator did tender to him a bond for $250 on September 26th, 1940, but that respondent refused to approve or file .the bond because it was not in double the amount of the costs incurred and to be incurred in the appellate courts. He further pointed out several other deficiencies in the bond, which go to its substance and form. Respondent did not specifically deny that the bond had been previously approved and filed by his deputy.

Relator's petition is supported by the affidavits of one of his attorneys and by' the Deputy Clerk. The affidavits state the bond tendered by relator was approved and filed by the Deputy Clerk, and that thereafter, on the same day of its filing, the respondent advised the Deputy Clerk that he would not accept the bond after the Deputy Clerk had approved and filed it.

■■ Courts of Civil Appeals may determine matters pertaining to their jurisdiction from affidavits or otherwise, as may be deemed proper by the court. Article 1822, R.C.S. In cases of appeal to the Court of Civil Appeals, it is provided by Article 2265, R.C.S., that the appellant shall execute a bond, to be approved by the clerk, payable to the appellee, in a sum at least double the amount of the probable costs in the trial and appellate courts, with other provisions not necessary to be stated. The affidavits before us show a bond was executed by relator and tendered to the Deputy Clerk, who approved and filed it. The affidavits do not disclose that the bond approved and filed contained all of. the necessary requisites of the article of the statute last cited. We do not consider that the substance or form of the bond are essential to our jurisdiction in this hearing.

■ Article 1898, Vernon's Annotated Civil Statutes, provides for the appointment of deputies by the district clerk, and that a deputy, when thus appointed, "may do and

perform all such official acts as may be lawfully done and performed by such clerk in person." It must follow, then, that the approval and filing by the deputy clerk was as effective as if it had been done by the clerk in person.

■ When the bond was approved and filed, the district court lost jurisdiction of the case and this court simultaneously acquired jurisdiction. The district clerk could not withdraw his approval of the bond and deprive this court of jurisdiction of the case, when it had been once acquired. It has been held that the district court had no authority to require its clerk to withdraw his approval of a bond, and there is all the more reason why the clerk cannot for any reason do so. Polk v. Holland Texas Hypotheek Bank, Tex.Civ.App., 66 S.W.2d 1112, and cases there cited.

■■ If by inadvertence or other mistake of the clerk in approving and filing a bond defective in ' amount, substance or form, a party relying upon the acts of the clerk to perfect his appeal should not lose his rights by permitting the clerk to withdraw his approval and expunge the bond from the file to the litigant's detriment. Ample provisions are made by Articles 1840, R.C.S., and 1840-A, Vernon's Ann.Civ.St., for relief against such a contingency. If the bond is defective, or even insufficient in amount when filed, or becomes insufficient ·for want of proper security after being filed, upon motion made to this court to dismiss the appeal for want of such bond or lack of security, the court may require the appellant to amend such bond by filing a new one on such terms and within such time as the court may prescribe; a failure to comply with such an order will authorize the dismissal of the appeal. Williams v. Wiley, 96 Tex. 148, 71 S.W. 12; Pillow v. McLean, 126 Tex. 349, 88 S.W.2d 702; Stern v. Maxwell, Tex.Civ.App., 44 S.W.2d 482.

In Pillow v. McLean, supra, the bond was held to be sufficient and no necessity existed for an amendment or substitute. From what we have said we are not to be understood as holding that the bond filed in this case was sufficient, either in substance, form or amount; but only that it was sufficient to give this court jurisdiction of the appeal to the extent that we should require the clerk to deliver the transcript for filing and that, when done, we will be enabled to hear and act upon any subsequent motions pertaining to the sufficiency of the bond, and finally de-

termine the case upon its merits, when properly before us.

Under the facts as they exist in this case, relator has perfected his appeal to this court to the extent above indicated and it became the duty of respondent, under the provisions of Article 2278, R.C.S., to make out and furnish to relator a transcript of the record of the cause for filing in this court. Respondent having failed and refused to do so, for reasons stated in his reply to the petition in this case, the writ of mandamus as prayed for is ordered to issue by the clerk of this court to respondent, commanding him to prepare and furnish to the relator said transcript. The costs of this proceeding are taxed against the respondent.