**SPECKELS et al. v. KNEIP.**
No. 4199.

Court of Civil Appeals of Texas.  El Paso.
June 11, 1942.

Rehearing granted in part, in part overruled.
Sept. 17, 1942.

Rehearing Denied Oct. 1, 1942.

Geo. L. Kroll and John C. Marburger, both of LaGrange, for appellants.

Moss & Moss, of LaGrange, for appellee.

McGILL, · Special Commissioner.

This is an appeal from a judgment of the District Court of Fayette County, 22nd Judicial District. Two suits were filed in the trial court, one styled Mrs. Johanna Carter v. A. W. Speckels et al., No. 8730, for foreclosure of a judgment lien against the land hereinafter described, and one styled Walter Kneip v. John A. Speckels et al., No. 8731, in trespass to try·title and for partition of said land. In the latter suit all parties to the former were made parties defendant. Other parties who held judgments against defendants A. W. Speckels, Gustav Speckels and John Speckels were also made defendants. The court consolidated both suits under No. 8731, and ordered all parties to replead, Walter Kneip as sole plaintiff and all other parties as defendants. As repleaded, the action was in the statutory form of trespass to try title to four tracts of land in the City of La Grange, in Fayette County, being a part of the John H. Moore one-half League in said county, and shown on the original map of the City of La Grange as follows:

First Tract: Lots 82 and 89 and parts of Lots 81 and 100, Block No. 11;

Second Tract: Lot. No. 7, in the Subdivision of Farm Lot 32;

Third Tract: Part of Lot No. 177, Block No. 23;

Fourth Tract: Part of Lot No. 196, Block No. 23.

Plaintiff claimed ownership in fee simple in an undivided 7/112 interest in said land, and that defendants, Mrs. Clara Weikel, Mrs. Johanna Carter, Albert Speckels, John A. Speckels, Alvin Speckels, and Gustav Speckels, each owned an undivided 15/112 interest therein, and the defendants Norma Speckels and Elton Speckels together owned an undivided 15/112 interest. He claimed the other defendants owned no interest in the property, but were asserting liens against the interest of Alvin Speckels and Gustav Speckels therein, except the defendant Joe (T. F.) Weikel, who was joined pro forma with his wife, Clara Weikel. He asserted the property was incapable of a fair partition in kind, and asked that it be sold and the proceeds divided.

The defendant Alvin Speckels filed no answer. The other named defendants answered by plea of not guilty, general demurrer and general denial. Affirmative relief was sought by cross actions of Mrs. Johanna Carter and other defendants.

Mrs. Carter sought to establish and foreclose a judgment lien against the interest of Alvin Speckels. Another defendant, Mrs. Pauline Speckels, the former wife of Gustav Speckels, sought to establish and

foreclose a judgment lien against the interest of Gustav Speckels and John A. Speckels; other defendants, Herman E. Becker, Theodore E. Becker and August Haenel, sole independent executors of the estate of Hermann Becker, deceased, and sole testamentary trustees under his will, sought to establish and foreclose a judgment lien against the interest of Alvin Speckels.

John A. Speckels pleaded that the judgment secured against him by Pauline Speckels had been discharged in bankruptcy.

Judgment was rendered decreeing ownership of the land as follows:

|  | Undivided interest |
|---|---|
| Walter Kneip | 7/112 |
| Mrs. Clara Weikel | 15/112 |
| Mrs. Johanna Carter | 15/112 |
| Albert Speckels | 15/112 |
| John A. Speckels | 15/112 |
| Alvin Speckels | 15/112 |
| Gustav Speckels | 15/112 |
| Norma Speckels and Elton Speckels, together, | 15/112 |

A first judgment lien was established and foreclosed in favor of Mrs. Johanna Carter against the interest of Alvin Speckels; and a secondary judgment lien in favor of Herman E. Becker, Theodore Becker and August Haenel, as sole independent executors of the estate of Hermann Becker, deceased, and the sole testamentary trustees under his will, was also established and foreclosed against the interest of Alvin Speckels.

A first judgment lien was established and foreclosed in favor of Mrs. Pauline Speckels against the interest of Gustav Speckels.

The court found that a fair partition of the property in kind could not be made, and ordered that the property be sold and the proceeds partitioned according to the interest of the respective parties.

The defendants Mrs. Johanna Carter, John A. Speckels, Mrs. Clara Weikel, T. F. Weikel, Albert Speckels, Norma Speckels, Elton Speckels, and Gustav Speckels have appealed.

█ We are confronted with a motion filed by appellee urging us to dismiss the appeal because the issues involved in the appeal have become moot. The motion is based on the theory, supported by documentary evidence accompanying it, that since an order of sale was issued in conformity with the judgment and the property sold thereunder, and appellants, except appellant T. F. Weikel, having purchased all interest therein, and all of the parties to the judgment having received their proportionate part of the proceeds of such sale, the judgment has been fully and finally satisfied and the matters in controversy as between appellants and appellee have ceased to exist. We overrule the motion.

The fact that a complete execution of the judgment appealed from is shown furnishes no reason why the action of the lower court should not be reviewed. Cravens v. Wilson, 48 Tex. 321; 3 Tex.Jur. p. 74, § 28.

Appellants still have a vital interest in that part of the fund which has been paid to appellee, if the judgment was improperly rendered for him.

Appellee by cross-assignment in his brief urges us to dismiss the appeal because the appeal bond is payable to Walter Kneip alone. He insists that in order for this court to have acquired jurisdiction of the appeal, the judgment creditors, Mrs. Pauline Speckels and the executors and testamentary trustees of the estate of Hermann Becker, deceased, should have been made obligees in the bond.

█ It is stated in the appeal bond that the plaintiff, Walter Kneip, recovered a judgment for title to 7/112 undivided interest of the lands in question against the named defendants who have appealed, and that such defendants desire to appeal from said judgment. No appeal has been taken from the judgment in favor of Mrs. Pauline Speckels as against Gustav Speckels; nor from the judgment in favor of Mrs. Johanna Carter against Alvin Speckels; nor from the judgment in favor of the executors and testamentary trustees of the estate of Hermann Becker against Alvin Speckels; nor has Alvin Speckels appealed from the judgment of Walter Kneip against him. Therefore, these portions of the judgment have become final and are not before this court for review. Anderson v. Automobile Finance Co., Tex.Civ.App., 260 S. W. 1092.

█ We fail to see how an appeal from that portion of the judgment awarding title to 7/112 undivided interest in the property to plaintiff as against appellants can adversely affect the interests of these judg-

ment-lien holders. The relief sought by appellants is to enlarge their own interests in the property. It could in no way affect the interests of the judgment debtors, Alvin Speckels and Gustav Speckels. Those parts of the judgment determining and adjudicating their interests have become final. If, however, the interests of these parties, or of Alvin Speckels, should, for any reason, be adverse to the interest of appellants, on this appeal, the failure to include them as obligees in the appeal bond is not jurisdictional. Hugo v. Seffel, 92 Tex. 414, 49 S.W. 369; Williams v. Wiley, 96 Tex. 148, 71 S.W. 12; Kolp v. Shrader, Tex.Civ.App., 168 S.W. 464; Pillow v. McLean, 126 Tex. 349, 88 S.W.2d 702.

Since the enactment of General Laws 1892, 1st C.S., p. 32, § 39, Art. 1840, Vernon's Ann.Civ.St., such defects may be cured, and on proper motion timely made the appellate court will order the appellant to file a proper bond, and upon his failure to do so within the time prescribed, will dismiss the appeal. First Nat. Bank of Decatur v. Preston Nat. Bank, 85 Tex. 560, 22 S.W. 579; Appel v. Childress, 53 Tex.Civ.App. 607, 116 S.W. 129; Roberts v. Stoneham, Tex.Civ.App., 31 S.W.2d 856; Hart v. Estelle, Tex.Civ.App., 34 S.W.2d 665, affirmed Tex.Com.App., 55 S.W.2d 510; Teas v. Swearingen, Tex.Civ.App., 101 S. W.2d 334; Carter v. Price, Tex.Civ.App., 145 S.W.2d 291.

Appellee has filed no motion to dismiss the appeal in this court because of this defect.

Rule 430, of the new Rules of Civil Procedure, expressly provides for the filing of such a motion. Prior to the effective date of these rules, under Rule 8, of the rules governing Courts of Civil Appeals, unless such motion was filed within thirty days after the filing of the transcript in the Court of Civil Appeals, such defect was considered as waived. Appellee was governed by the rules in effect prior to the adoption of the new rules, and having failed to file such motion within the prescribed time, the defect, if any, has been waived. Roberts v. Stoneham, supra; Monk v. Danna, Tex.Civ.App., 110 S.W.2d 84, 85, writ dismissed.

We therefore overrule appellee's cross-assignment of error.

To establish his title, appellee relied on the following:

(1) An agreement of counsel as to common source of title in J. C. Speckels and Mrs. Pauline Speckels, the father and mother of appellants, as to the first, third and fourth tracts. There was no agreement as to common source of the second tract.

(2) He introduced a deed from Mrs. Pauline Speckels to her children, Mrs. Clara Weikel, Mrs. Johanna Carter, A. G. (Albert), J. A. (John A.), A. W. (Alvin), G. G. (Gustav), and A. F. (Atlan) Speckels, and her grandchildren, Norma Speckels and Elton Speckels, purporting to convey, quitclaim and release all of her right, title and interest to all property belonging to the estate of John C. Speckels, deceased. Tract 4 was not specifically mentioned in this instrument, but there is a clause which indicates an intention to pass grantor's interest in any other property of the deceased, John C. Speckels, although not listed.

(3) A sheriff's deed purporting to convey the interest of A. F. (Atlan) Speckels in all four tracts to plaintiff Walter Kneip.

If we assume that Mrs. Speckels' deed was sufficient to pass title to an undivided one-half interest in the land described therein and in Tract Four, and if we further assume that the interest acquired by each of the grantees was an undivided one-eighth of Mrs. Speckels' interest rather than an undivided one-ninth thereof, as appears from the face of the instrument, yet, the sheriff's deed, without proof of the judgment, the issuance, levy and return of the writ of attachment, and the issuance of the order of sale, levy and return thereon, showing the sheriff's authority to pass the judgment defendant's title, is insufficient to establish a divestiture of title out of A. F. (Atlan) Speckels. Mills v. Pitts, 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319; Richards v. Rule, Tex.Com. App., 207 S.W. 912.

Such lack of proof necessitates a reversal of the judgment, since appellee failed to show any title.

Appellants insist that judgment should be here rendered in their favor for the 7/112 undivided interest in the four tracts awarded to appellee. They and Alvin Speckels are the sole devisees under the will of J. C. Speckels. Their claim of title is based on the will and on a post-nuptial separation agreement between J. C. Speckels and Mrs. Pauline Speckels, his wife, by which the first, third and fourth tracts

were set apart to J. C. Speckels as his separate property. The second tract was acquired by J. C. Speckels after the agreement was executed and while J. C. Speckels and Mrs. Pauline Speckels were living apart, and appellants claim its status is governed by the agreement and by the terms of which it is also the separate property of J. C. Speckels. Appellee contends that the agreement is void.

The will of J. C. Speckels was executed July 23, 1935. He died December 2, 1935, and the will was duly admitted to probate by the County Court of Fayette County on November 30, 1936. J. C. and Pauline Speckels were married February 8, 1871, and lived together as husband and wife at La Grange until the year 1922 or 1923, when they separated. Mrs. Speckels then moved to Coupeland, Texas, where she established her home. Mr. Speckels remained at La Grange. During their marriage until the time of their separation they had accumulated community property of the estimated value of approximately $80,000. On May 5, 1924, while they were still living apart, they entered into a separation and partition agreement providing for a division of their community estate. The agreement recites that they separated on December 22, 1923, and have lived separate and apart since that time and have agreed to live separate and apart during their natural lives. Exhibits attached to the agreement list real property at Coupeland and personal property, all of the estimated value of $40,109.51, to be set apart as the separate property of Mrs. Speckels, and real property, including the first, third and fourth tracts of land here involved, and personal property, all of the estimated value of $40,109.50, to be set apart as the separate property of Mr. Speckels. The agreement, to which A. F. (Atlan) Speckels was a party, recites that the property set apart to Mrs. Speckels has, by separate instruments that day executed by them, been conveyed and transferred to A. F. Speckels, their son, as trustee for the use and benefit of Mrs. Speckels, and contains the following provisions:

"3. * * * it being agreed by the said J. C. Speckels that the property so conveyed, transferred, indorsed, assigned and delivered *in* equal to one-half of the community property owned by them jointly and the said J. C. Speckels hereby releases unto the said Pauline Speckels and A. F. Speckels, trustee, absolutely and as and for her separate property and estate, all rights, interests, claims, demands and privileges in or to any and all of said real estate and personal property, as well as to any and all increase or additions thereto, and also all property which the said Pauline Speckels and A. F. Speckels, trustee, may in the future acquire.

"4. And the said Pauline Speckels hereby releases unto the said J. C. Speckels, absolutely and as and for his separate property and estate, all rights, interests, claims, demands and privileges, in or to any and all of the real estate and personal property remaining, held and retained by the said J. C. Speckels, which property is of the agreed aggregate value of $40,109.50, an itemized statement of said property being hereto attached, marked Exhibit 'B' and made a part hereof, as well as to any and all increase or additions thereto, and also all property which the said J. C. Speckels may in the future acquire, it being agreed by the said Pauline Speckels and A. F. Speckels, trustee, that the property so retained by him, the said J. C. Speckels, is equal to one-half of the community property owned by them jointly."

On the same day that the agreement was executed, and for the purpose of putting it into effect, J. C. Speckels and wife, by separate instruments, transferred and conveyed the property set apart to J. C. Speckels to H. W. Speckels, the brother of J. C. Speckels, as the separate property and estate of J. C. Speckels; and on May 10, 1924, H. W. Speckels transferred and conveyed said property to J. C. Speckels. The parties continued to live separate and apart—Mrs. Speckels remaining at her home in Coupeland and Mr. Speckels at La Grange—until the year 1928, when, at the request of Mr. Speckels, Mrs. Speckels returned to La Grange and lived with him until his death in 1935. The marital relations were the same during this period as before the separation.

As to their understanding with regard to their property settlement when Mrs. Speckels returned, Mrs. Speckels, who was ninety years old when her deposition was taken, testified:

"Q. Now, when you came back in 1928 state what agreement you all had with reference to your property? A. I kept mine and he kept his.

* * * * *

"Q. State whether or not in 1928, when you came back to live together, state wheth-

er or not you all agreed to keep your property separate? A. Yes.

\* \* \* \* \*

"Q. \* \* \* when you all lived together in 1928 until his death I will ask you how you kept your property? A. I kept mine, my property my own and then he kept his.

"Q. Together or separate? A. No, separate.

"Q. Have you ever changed this separation agreement in any way since you made it or not? A. No.

"Q. Have you ever asserted any claim of any kind to the property that was given to him? A. No.

"Q. Do you know whether or not he ever asserted any claim to the property that was given to you? A. No.

\* \* \* \* \*

"Q. Mrs. Speckels, did you ever claim any property that was given to Mr. J. C. Speckels—A. No.

"Q. —under the separation agreement? A. No.

"Q. Did you ever have anything to do with the property that was given to your husband J. C. Speckels? A. No.

"Q. Did you ever get any of the income or profits from this property that was given to your husband? A. No.

"Q. Did Mr. Speckels ever attempt to exercise any control over your property that was given to you? A. No.

"Q. Did Mr. Speckels—You want to testify now that this was since the separation agreement? A. Yes.

"Q. Did Mr. Speckels ever get any benefit from your property, any income from your property? A. No.

"Q. I will ask you if you had possession, exclusive possession of the property that was given you? A. Atlan Speckels.

\* \* \* \* \*

"Q. Did you all keep separate bank accounts? A. Yes.

"Q. Who furnished you money if you needed money for yourself, should—you may have needed money for yourself, who gave the money to you? A. Atlan.

"Q. Atlan as trustee? A. Yes, sir.

"Q. From whose property was that taken? A. Mine.

"Q. You all had separate bank accounts? A. Yes.

"Q. In other words, Mrs. Speckels, did you ever change then, did you and your husband ever change the separation agreement that you and Mr. Speckels had, did you all ever change the terms of that? A. No.

\* \* \* \* \*

"Q. I will ask you about your property, your property rights? A. Oh,—the property? No. That was all separated. Mine was mine and the other was his; never, nothing to do with it.

"Q. When you came back to him in 1928 state whether or not you had an agreement between you and your husband as to your property rights? A. To stay together?

"Q. With reference to your property, you all have an agreement with reference to your property. A. Oh, No. Yes, we had; I wanted to keep mine and he kept his.

"Q. You all enforced that agreement?

\* \* \* \* \* \*

"Q. You all lived up to that agreement? A. Yes.

"Q. State whether or not you lived up to that agreement after you came back to live with him? A. Yes."

As to the second tract, which was not listed in the separation agreement, Mrs. Speckels testified:

"Q. Do you know whether or not that property was bought with his money or your money? A. With his money. He bought it already before I came back.

"Q. Before you came back, when? A. That time when I came back in 1928.

"Q. How did you regard his property as his separate property or community property? A. Separate."

There is no contention that the division of the community estate provided by the agreement was unfair. The parties were living separate and apart when the agreement was made, and it was made in consideration of that fact and of their agreement to continue to live apart.

Such agreements have been recognized as valid and enforceable. Rains v. Wheeler, 76 Tex. 39, 13 S.W. 324.

But appellee contends that even though the agreement were valid in its inception, the subsequent reconciliation and resumption of marital relations by the husband and wife vitiated it and rendered it void ab initio.

We think the testimony warrants no other conclusion than that at the time Mrs. Speckels returned she and her husband had a mutual understanding that the division of community property made by the agree-

ment of May 5, 1924, was to remain unimpaired by the resumption of marital relations, and that such understanding was recognized and lived up to by both parties until the time of Mr. Speckels' death.

There is authority for the proposition that even in the absence of such an understanding the resumption of marital relations by the spouses years after such agreement does not change into community, property which became the separate property of each under the separation agreement, Batla v. Batla, Tex.Civ.App., 51 S.W. 664; 15 Tex.Jur. p. 705, § 188; and an eminent author has advanced the proposition that such reconciliation, whatever the intention, could not have the effect to reinvest title already vested through instruments of conveyance executed in a manner required by law. Speer's Law of Marital Rights in Texas, 3rd Ed., p. 200, § 148.

■ We approve the views expressed by these authorities when applied to separation agreements which have been fully executed. They are supported by the case of Hagerty v. Union Guardian Trust Co., 258 Mich. 133, 242 N.W. 211, 212, 85 A.L.R. 417. We quote from that opinion:

"But the agreement here entered into, and which we have set forth at considerable length, goes far beyond the terms of a mere separation agreement. There was in it a listing of all the property owned by both of them or in which either had an interest and an equal division made thereof satisfactory to both parties. Conveyances were at that time made by which title passed to each of them in conformity with the division as agreed upon. The money they then had was equally divided between them. This was not the kind of a separation agreement involved in the decisions on which plaintiff's counsel relies. Had they desired to terminate it after reconciliation and to place the titles and interests of the parties in the property as they were at the time the agreement was entered into, conveyances and transfers would have been necessary to accomplish this result. The rule of law is, we think, well settled that such an agreement will not be deemed to be avoided by the mere fact of reconciliation and resumption of cohabitation."

■ Annotations on the effect of reconciliation on such agreements may be found in 40 A.L.R. 1227, and 85 A.L.R. 420, where the decisions are collected. The general rule announced by these decisions is that the effect of reconciliation and resumption of marital relations is to annul the agreement. The rule is generally limited to such agreements as provide for mere living expenses and separate maintenance. As to other provisions, it is said that whether a reconciliation operates to annul the agreement depends on the intention of the parties as shown by their acts. The distinction between executory and executed agreements does not appear to have been recognized.

We also think the facts of this case bring it within the exception recognized in Cox v. Mailander, Tex.Civ.App., 178 S.W. 1012, writ refused, strongly relied on by appellee.

■ Here, there was an agreement when the marital relations were resumed that the prior agreement as to division of the community estate should remain effective, and this mutual understanding was carried out by both parties until Mr. Speckels' death.

Cox v. Mailander was cited by Judge Hickman, of the Commission of Appeals, in Hornsby v. Hornsby, 127 Tex. 474, 93 S. W.2d 379, in support of the general rule that such agreements are annulled by a subsequent reconciliation followed by resumption of marital relations. In the Hornsby case the agreement was executory and the rights of creditors were involved. So far as we know, the soundness of the exception recognized in Cox v. Mailander has never been questioned, i. e., that the agreement is not vacated by reconciliation and resumption of marital relations by the spouses, there being provision to the contrary in the partition agreement, or such provision having been made subsequently by the parties while they were living apart.

Accordingly, the judgment of the trial court, insofar as it awarded recovery of title and possession of 7/112 undivided interest in the four tracts of land herein described to Walter Kneip is reversed and judgment is here rendered that appellee Walter Kneip, plaintiff in the court below, take nothing as against appellants John A. Speckels, Mrs. Johanna Carter, Mrs. Clara Weikel, T. F. Weikel, Albert Speckels, Norma Speckels, Elton Speckels, and Gustav Speckels, appellants (defendants in the court below), and that appellants do have and recover of and from appellee, Walter Kneip, judgment for the sum of $616, this being the sum received by him from the proceeds of the sale of

said property, together with all cost of suit, and for all of which they may have their execution.

Those portions of the judgment in favor of Walter Kneip against Alvin Speckels and in favor of Mrs. Johanna Carter and Herman E. Becker, Theodore E. Becker and August Haenel, sole independent executors of the estate of Hermann Becker, deceased, and sole testamentary trustees under the will of Hermann Becker, against Alvin Speckels, and in favor of Mrs. Pauline Speckels against Gustav Speckels, are not before us for review, and we make no disposition as to them.

Reversed and rendered.

This opinion directed to be written and is adopted by the court.

WALTHALL, J., not participating.

On Motion for Rehearing.

Appellee has filed a motion for rehearing in which he complains of that portion of our judgment which rendered judgment in favor of appellants John A. Speckels, Mrs. Johanna Carter, Mrs. Clara Weikel, T. F. Weikel, Albert Speckels, Norma Speckels, Elton Speckels, and Gustav Speckels, against appellee, Walter Kneip, for the sum of $616, this being the sum received by him from the proceeds of the sale of the property in question. In this respect our judgment was erroneous.

It does appear from the certificate of the Clerk of the District Court of Fayette County, attached as an exhibit to appellee's "Motion to Dismiss as Moot," that the property was sold under order of sale of date August 27, 1941, and that from the proceeds of such sale, appellee, Walter Kneip, received $616. However, we have concluded that we were without power to render judgment in favor of appellants against appellee for this sum. Although the amount is certain, it arises out of transactions which occurred after the trial, and can be adjudicated only in a separate suit. Wagner v. Hudler, Tex.Civ.App., 218 S.W. 100; 3 Tex.Jur. p. 1114, § 780.

The motion for rehearing is granted, and the judgment of this court is reformed so as to eliminate that portion thereof which renders judgment in favor of appellants against appellee, Walter Kneip, for $616. This action is without prejudice to appellants John A. Speckels, Mrs. Johanna Carter, Mrs. Clara Weikel, T. F. Weikel, Albert Speckels, Norma Speckels, Elton Speckels, and Gustav Speckels, or any of them, to recover from appellee, Walter Kneip, such sum received by him from the proceeds of the sale of said property, as they may show themselves entitled to. In all other respects the judgment of this Court is approved and the motion for rehearing overruled.

Granted in part and overruled in part.

This opinion directed to be written and is adopted by the Court.

WALTHALL, J., not participating.