**AIR PRODUCTS & CHEMICALS, INC., et al., Relators,**

v.

**The Honorable Gary SANDERSON, Judge of the 60th Judicial District Court of Jefferson County, Texas, Respondent.**

No. 09–89–256 CV.

Court of Appeals of Texas, Beaumont.

April 19, 1990.

Wendell C. Radford, George M. Jamail, Benckenstein, Oxford, Radford & Johnson, Beaumont, Richard L. Josephson, Baker & Botts, Houston, O.J. Weber, Arthur R. Almquist, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, James L. Moore, Holtzman & Urquhart, Houston, Walter J. Crawford, Jr., Boyd Wells, Wells, Peyton, Beard, Greenberg, Hunt & Crawford, James H. Chesnutt II, D. Allen Jones, John W. Newton, Orgain, Bell & Tucker, Gail C. Jenkins, Benckenstein, Norvell, Bernsen & Nathan, Beaumont, Larry D. Knippa, Knippa, Kral & Stein, Houston, James R. Watkins, Royston, Rayzor, Vickery & Williams, Galveston, Dennis R. Alenik, Alenik & Associates, Houston, David W. Ledyard, Richard L.

Scheer, Strong, Pipkin, Nelson & Bissel, Beaumont, B. Stephen Rice, Hays, McConn, Price & Pickering, Jerry Kacal, Pete Andarsio, Dunn, Kacal, Adams, Pappas & Law, Houston, for relators.

Joseph C. Blanks, Reaud, Morgan & Quinn, Beaumont, W. James Kronzer, Houston, for real parties in interest.

## OPINION

PER CURIAM.

Relators seek a Writ of Mandamus ordering the Honorable Gary Sanderson, District Judge, to rescind orders (1) denying their Motion to Strike or Sever each of plaintiff's petitions and (2) overruling their objections to all of Plaintiff's discovery request in the cause styled *Russell Allen, et al. v. American Petrofina, Inc., et al.*, Number B–126,-986 in the 60th Judicial District Court of Jefferson County, Texas.

This personal injury suit involves the claims of numerous workers alleging injuries upon the premises of various defendants by exposure to asbestos, dust and fibers. Plaintiffs have filed numerous amended petitions since the inception of the original action either adding to the number of plaintiffs or subtracting from the number of plaintiffs. Plaintiff's Original Petition was filed July 24, 1987 naming 101 plaintiffs and nine defendants. A further chronology of plaintiff's subsequent amended petitions are as follows:

1. First Amended Petition filed December 18, 1987, naming 660 plaintiffs and nine defendants;

2. Plaintiffs' Second Amended Petition filed January 18, 1988, naming 678 plaintiffs and nine defendants;

3. Plaintiffs' Third Amended Petition filed May 13, 1988, naming 567 plaintiffs and 19 defendants;

4. Plaintiffs' Fourth Amended Petition filed November 22, 1988 naming 561 plaintiffs and 18 defendants;

5. Plaintiffs' Fifth Amended Petition filed December 31, 1988 naming 2,385 plaintiffs and 48 defendants, said Fifth Petition being substituted on January 6, 1989 by a Second Plaintiffs' Fifth Amended Petition naming 1,004 plaintiffs and 48 defendants;

6. Plaintiffs' Sixth Amended Petition filed February 21, 1989 naming 985 plaintiffs and 47 defendants.

Plaintiffs are now pursuing their Seventh Amended Petition in which plaintiffs allege that defendants' negligent, intentional, and grossly negligent conduct proximately caused death and disability to them. Plaintiffs also allege that all the defendants engaged in a conspiracy to conceal from them the harmful effects of asbestosis with result of harm to plaintiffs.

All the plaintiffs seek relief jointly and severally from the defendants and plaintiffs allege that the suit involves common questions of fact and common issues of law.

Defendants complain that the discovery sought by plaintiffs is prohibited by the TEX.R.CIV.P. and is in all respects objectionable, being, "inter alia, overly broad, vague, ambiguous, and burdensome in scope." Defendants, relators herein, also complain that Judge Sanderson improperly refused to strike plaintiffs' pleadings and refused to sever the causes of action into individual lawsuits. Plaintiffs, respondents herein, reply that the information sought in discovery is all highly relevant and calculated to lead to vital evidence and that severance into approximately 1,000 separate suits would be inappropriate.

Judge Gary Sanderson heard extended argument relating to the Motions to Sever or Strike on more than one occasion. The trial judge denied the motions "at this time", seeing no efficiency in creating approximately 1,000 individual lawsuits. It is of extreme interest to us that the trial court left open the possibility of separate trials under Rule 40(b) but concluded that the case would be best managed as a single case throughout its pre-trial phase.

We must observe that even though this original proceeding was filed in December of 1987, it is still in its infancy as to discovery and other pre-trial matters.

The question this Court must address is whether or not the trial court committed a clear abuse of discretion in denying defendants (relators') Motions to Strike or Sever the claims into 985 lawsuits and in denying, in part, the Motions for Protection from plaintiffs' discovery request.

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985), citing *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984). Lest the Court of Appeals abuse its discretion, it may not grant mandamus relief absent those circumstances. *See, Peeples v. Fourth Court of Appeals,* 701 S.W.2d 635 (Tex.1985); *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105 (Tex.1985). Defendants, relators herein, must show, that the district court abused his discretion in denying their motions and overruling their discovery objections. In addition, they must have no adequate remedy at law.

■ The discretion of a trial court when ruling on interlocutory matters is ordinarily quite broad and the burden rests with relators in attacking the ruling of a trial court as an abuse of discretion. *Lutheran Social Services, Inc. v. Meyers,* 460 S.W.2d 887, 889 (Tex.1970). The Supreme Court emphasized that burden in *Johnson,* stating, "The relator must establish, under the circumstances of the case, that the facts and the law permit the trial court to make but one decision. This determination is essential because mandamus will not issue to control the action of a lower court in a matter involving discretion." *Id.,* 700 S.W.2d at 917, *see also, Pat Walker & Company, Inc. v. Johnson,* 623 S.W.2d 306, 308 (Tex.1981).

■ The question is not whether the trial judge might have exercised better judgment, or made a mere error in judgment which are no doubt, common in many courts. In order for the trial court's actions to have been abusive, the order must have been so unreasonable, so arbitrary, or based upon so gross and prejudicial an error of law as to have no basis in reason or in law.

■ What is the clear abuse of discretion complained of by relators? Relators tell us that such abuse occurred as follows:
"The trial court abused its discretion in denying Defendants' Motion to Strike or, Alternatively, Motions to Sever.
The trial court abused its discretion in overruling Defendants' Objections to Plaintiffs Interrogatories and Request for Admissions.
The trial court abused its discretion in overruling Defendants' Objections to Plaintiffs Request for Production."

After examination of the testimony at the various pre-trial hearings, it appears to us that the judge was attempting to make the case more manageable by getting the attorneys for both sides to compromise as to the language in Plaintiffs' Interrogatories and Request for Admissions. At the final pre-trial hearing, the court ordered the plaintiffs to get their pleadings in order within 30 days. Specifically the plaintiffs were ordered to non-suit plaintiffs that were not claiming asbestos exposure in Southeast Texas plants or refineries. This order directed to plaintiffs to get their pleadings into shape, is included in the October 26, 1989 order, one of the orders that relators seek to vacate.

Getting to the heart of the matter, this lawsuit is still at the very early stages despite the fact of its age. Plaintiffs, respondents herein, still have not received meaningful discovery from defendants. In a sense, this situation is turning into a vicious circle: the judge is trying to be fair to both sides by instructing plaintiffs to amend interrogatories and requests for admissions, while at the same time requiring defendants to answer them and giving defendants repeated continuances to do so; defendants, relators herein, counter with the argument that plaintiffs discovery requests are still too burdensome and that the lawsuit as a whole is unmanageable and that plaintiffs should be severed and be allowed to file separate, individual lawsuits. Two points that seem to have been overlooked by relators are first, there is

still adequate time for the judge to make his decision as to whether severance or the striking of pleadings is appropriate. The trial court's rulings have continued to reflect his awareness of the need to be flexible during the pre-trial stage and if there exists an area or phase of a lawsuit where the trial judge should be allowed the most freedom from appellate court interference, it should be in the area or phase of pre-trial decisions on case manageability and scope. So long as the RULES OF CIVIL PROCEDURE support his decisions, those decisions should not be disturbed at this early stage of the lawsuit. Second, relators have not clearly informed us how severing the case to almost 1,000 separate lawsuits will ease their discovery responsibility. Will they not still have to go through their records dating back for almost 50 years in order to properly respond to a plaintiffs' discovery request? Even if the trial judge follows up on his order to plaintiffs to selectively non-suit certain plaintiffs from certain defendants, will this not cure what seems to be relator's basic complaint, i.e., having to defend against certain plaintiffs that have no connection at all with certain defendants?

It certainly sets an unwise and perhaps dangerous precedent for a court of appeals to cast itself in the role of managing trial court's cases or dockets. This is best left to the sound discretion of trial judges and should only be disturbed by appellate courts when those trial judges clearly abuse their discretion. It is not apparent to this Court that Judge Gary Sanderson has clearly abused his discretion in the management of this complex lawsuit and it is the further opinion of this Court that our initial order granting relators' leave to file their petition for Writ of Mandamus was improvidently granted. Therefore, we hereby withdraw our previous order staying the trial court orders.