Tommy William EVANS, Appellant,

v.

Karen Marie EVANS, Appellee.

No. 04–91–00059–CV.

Court of Appeals of Texas,
San Antonio.

April 17, 1991.

Charles K. Tabet, Albert L. Rodriguez, San Antonio, for appellant.

Randal C. Gray, Randal C. Gray, P.C., New Braunfels, for appellee.

Before REEVES, C.J., BUTTS and GARCIA, JJ.

## OPINION

REEVES, Chief Justice.

■ This divorce suit was assigned cause number 90–01–00074–CV in the trial court. On December 13, 1990, the trial court dismissed appellant's claim for custody of the minor child and severed the child custody and paternity issues from the divorce case. The trial court assigned the custody and paternity matters cause number 90–01–00074–A. The divorce case is still pending.

On January 8, 1991, within the thirty day time limit of TEX.R.APP.P. 41(a)(1),[1] appellant filed a cost bond seeking to appeal the severed cause. The bond contained the original cause number rather than the cause number of the severed case. Appellee has filed a motion to dismiss this appeal for want of jurisdiction on the ground that the cost bond did not perfect the appeal because it was filed in the wrong cause.

---

1. No motion for new trial or for findings of fact and conclusions of law was filed.

■ Appellant filed a bond within the jurisdictional time limit, although the bond he filed was defective in that it contained the wrong cause number. When there is a defect in substance or form in an appeal bond, on motion to dismiss for this defect, the appellate court may allow the defect to be corrected by filing a new bond. TEX.R. APP.P. 46(f). A defective bond does not defeat the jurisdiction of the court of appeals. *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex.1989). If the appellant files any sort of instrument that is intended to be a bond and to invoke appellate jurisdiction, the instrument may, on proper motion to dismiss the appeal or on timely request, be amended to cure any defect of form or substance. *Davis*, 764 S.W.2d at 560; *Woods Exploration & Producing Co. v. Arkla Equip. Co.*, 528 S.W.2d 568, 570 (Tex.1975).

■ There is, in fact, no requirement in the appellate rules that a cost bond contain a trial court cause number. *See* TEX.R.APP.P. 46. A cost bond is sufficient if the judgment appealed from is sufficiently identified as the one appealed from and the other requirements of the rule are met. *Pillow v. McLean*, 126 Tex. 349, 88 S.W.2d 702, 703 (1935). The cost bond originally filed by appellant states, in part:

> WHEREAS, in the above entitled and numbered case pending in the 25th District Court of Guadalupe County, Texas, and at a regular term of said Court, to-wit, on the 12th day of December, 1990, said Court rendered Judgment for KAREN MARIE EVANS, and against TOMMY WILLIAM EVANS with respect to the Child Custody Issue....

The bond was properly conditioned according to TEX.R.APP.P. 46(a). Aside from the fact that the judgment was actually signed on December 13 rather than December 12, there is no confusion concerning which judgment appellant seeks to appeal. The bond filed adequately fulfills its main purpose of affording security for the adverse party. *See Pillow*, 88 S.W.2d at 703.

Appellee relies on *Philbrook v. Berry*, 683 S.W.2d 378 (Tex.1985), a default judgment case in which the motion for new trial was filed in the original cause rather than the severed cause. The holding in *Philbrook* was simply that a motion for new trial must be filed in the same cause as the judgment it assails. *Id.* at 379. The supreme court ordered the trial court to vacate its order granting a new trial, holding that the motion, filed under the wrong cause number, did not extend the trial court's plenary power over the default judgment. *Id.* Because *Philbrook* addresses only motions for new trial, it is not controlling in this case, and we will not extend it beyond its facts.

Appellant has prepared and filed with the district clerk an amended bond bearing cause number 90–01–00074A.[2] He has attached a certified copy of the amended bond to his reply to the motion to dismiss.

Appellee's motion to dismiss is overruled on the condition that appellant file a supplemental transcript containing a copy of the amended bond with the clerk of this court within two weeks of the date of this opinion. The supplemental transcript should be accompanied by a motion for leave to file. FOURTH COURT OF APPEALS OF TEXAS, LOCAL RULE 4(B) (1989). If appellant has not done so, appellee may move for reconsideration of her motion to dismiss.

---

2. We note that the amended bond also corrects the date of the judgment to December 13, 1990.